MARY C. TURNER *vs.* MARY A. WILLIAMS and another.

Somerset.    Opinion May 29, 1882.

*Promissory notes.    Principal and surety.*

A parol agreement by the principal to pay interest for a year at eight per cent. is not a good consideration for an agreement by the holder of a note with the principal to extend the time of payment one year after it became due, and such an agreement based on such a consideration does not discharge a surety on the note.

ON REPORT.

Assumpsit upon the following note :

"Rockland, March 1, 1875.

One year after date for value received we jointly and severally promised to pay Mary C. Turner, or her order, the sum of one thousand dollars, with interest at the rate of eight per cent. per annum.

(Signed,)        Benjamin Williams,
                       Ephraim Dean, Jr.
                       Mary A. Williams."

Attest :      M. W. Farwell."

Indorsed : "March 1, 1876. Received on the within, eighty dollars, one year's interest. March 1, 1877. Received on the within, eighty dollars, one year's interest. March 1, 1878. Received on the within, eighty dollars, one year's interest."

Writ dated August 16, 1879. Plea, general issue, and brief statement, by Mary A. Williams, one of the defendants. The action was brought against Mary A. Williams and Benjamin Williams only, the other maker, Ephraim Dean, Jr. not being in the State at the time it was brought, which fact is averred in the writ as the reason for the non-joinder. Before trial, a default was entered as against Benjamin Williams.

(Brief statement.)

" And for a brief statement of her further defense she says that she signed the note described in the writ as surety only for Benjamin Williams and Ephraim Dean, Jr. who also signed the same, and for whose benefit alone the money was borrowed of the plaintiff by them and said note was given. And that this was well known to the plaintiff and to said M. W. Farwell, her agent, who loaned the money to said Williams and Dean and received said note from them ; that at the maturity of said note, viz : on the first day of March, 1876, said note was extended and day of payment thereof given by the plaintiff to said Williams and Dean, for a valuable consideration to her, promised, paid and secured by the said Williams and Dean, without the knowledge or consent of the defendant ; that at the expiration of said period of one year, viz : on the first day of March, A. D. 1877, said note was again extended, and day of payment thereof given by the plaintiff to said Williams and Dean for the further period of one year, for a valuable consideration by them to her, promised, secured and paid without the knowledge or consent of the defendant ; and at the expiration of said last mentioned year, to wit, on the first day of March, 1878, said note was again extended and further day of payment given by the plaintiff to said Williams and Dean, for the further period of one year from that date, for a valuable consideration to her, promised, secured and paid by the said Williams and Dean.

" And the defendant further says at the time of the said several extensions, it was well known to the plaintiff that the defendant

was surety only upon said note, and that it was given and signed by the defendant for the sole benefit of the said Williams and Dean; and that by each and every of said several extensions, the defendant was discharged from her liability thereon."

At the trial the following letters were put in evidence:

"Rockland, Maine, February 17, 1877.

Mrs. Turner, Madam, You hold our note, one thousand dollars, due March 1, 1877. We write by advice of M. W. Farwell, Esq. to ask if you want the money for same at maturity of note, or extend it twelve months, by paying the interest. Please answer on receipt of this and oblige,   Yours respectfully,

Williams and Dean, per Mayo."

"P. S.   Please name your lowest rate for interest."

"St. Albans, February 21.

Messrs. Williams and Dean, You can have the money for the same interest that you have been paying.

Yours respectfully,      Mary C. Turner."

"Rockland, Maine, February 7, 1878.

Mrs. Mary C. Turner, St. Albans, Maine, Madam, You hold our note for one thousand dollars, due March 1, 1878. We write to see if you will extend the note for twelve months, and at what rate of interest. Please answer on receipt of this, and oblige,      Yours respectfully,      Williams and Dean, M."

"St. Albans, Maine, February 10, 1878.

Williams and Dean, Messrs. I will extend the note for twelve months at the same rate of interest. Please send interest (when due) and I will send a receipt for the same.

Yours,      Mary C. Turner.

*D. D. Stewart*, for the plaintiff, cited: *Leavitt* v. *Savage*, 16 Maine, 72; *Appleton* v. *Parker*, 15 Gray, 173; *Berry* v. *Pullen*, 69 Maine, 103; *Mariner's Bank* v. *Abbott*, 28 Maine, 285; *Lime Rock Bank* v. *Mallett*, 34 Maine, 547; S. C. 42 Maine, 356; *Oxford Bank* v. *Lewis*, 8 Pick. 458; *Bank* v. *Bishop*, 6 Gray, 319; *Bank* v. *Rollins*, 13 Maine, 207; *Wilson* v. *Foot*, 11 Met. 285.

*A. P. Gould,* for the defendant, Mary A. Williams, contended, that the facts showed that Mrs. Williams was a surety and that the plaintiff had three times extended the note, for a year at each time, by an agreement with Williams and Dean, the principals, to pay her eight per cent. interest.

There was a good legal consideration for the extension.

In *Bank* v. *Woodward,* 5 N. H. 99, on p. 106, court say: "The consideration alleged to have been paid for the forbearance, was interest at twelve per cent." This was illegal. But it is well settled, that a promise founded upon an usurious consideration, is not void.

"He who takes or secures" (*i. e.* agrees to take) "more than six per cent. for day of payment, is made liable to certain forfeitures, which in a suit upon the contract may be deducted from the debt; and a promise to pay more than six per cent. is held to be invalid, as to all above six per cent. To this extent and no further, is a contract affected by usury." *Wheat* v. *Kendall,* 6 N. H. 504, 506-7, strongly enforces this.

If, therefore, the agreement to pay eight per cent. as a consideration for the extension, was not valid as to the two per cent. over the legal rate, it was a valid agreement to pay and receive, six per cent. by which both parties were bound; the contract being void only as to all over that rate.

And the agreement to pay eight per cent. for a year, was a good consideration for plaintiff's agreement to extend the note for a year; as was held in the cases from the N. H. Rep'ts; and explicitly in *Wheat* v. *Kendall,* 6 N. H. 504, where the instruction, that, a "promise to pay extra interest upon the note, was a good and sufficient consideration for the contract for delay of payment of said note," was held correct.

In *Bailey* v. *Adams,* 10 N. H. 162, 164, the court say, that, "the agreement to pay simple interest may be a sufficient consideration for such a contract to delay, if there is, in the contract for delay, a stipulation by which it is secured to the creditor for any specified time. As, for instance, if the creditor, the note being due, should agree with the principal to delay the payment six months, on the consideration that the principal promised to pay the interest for that period of time, this would be a contract upon a sufficient consideration.

"The promise to pay the interest under such circumstances, would bind the principal to the payment of it for the period agreed on, and thus secure the creditor a right beyond what he had before, even if the note contained a promise to pay interest; because, the debt being due, the principal, or surety, before the new agreement, might pay it at any time, and the original contract therefore did not secure the creditor interest for a single day to come."

That either of these extensions was sufficient to discharge the defendant, there will be no question.

"A surety has a right to have his liability remain precisely as he has himself fixed it, and any change in the contract or duty, for the performance of which he is holden, made without his consent, will discharge him." *Andrews* v. *Marrett*, 58, Maine, 539, and cases cited.

W. and D. agreed with plaintiff, or her agent, to pay eighty dollars for another year. Both parties were necessary to an "agreement." Such an agreement implied a promise to delay payment of the principal that year. No express words to that effect need be used.

*Crosby* v. *Wyatt*, 23 Maine, 156, does not conflict with the principles cited from New Hampshire cases. It only disagrees with New Hampshire on this question, whether payment of interest in advance raises an implied promise to extend.

LIBBEY, J. The defendant, Mary A. Williams, claims that she is surety in the note in suit, and she alone defends. The strongest case that can be claimed by her upon the evidence, is, that the plaintiff in consideration of a parol promise by Williams and Dean, the principals, to pay eight per cent. interest, agreed with them to extend the time of payment of the note one year after it became due.

The question arises whether this agreement of extension released the defendant from liability as surety on the note. We think it did not. The case of *Berry* v. *Pullen*, 69 Maine, 101, appears to be decisive of this case. In that case it is held that the agreement with the principal to extend the time of payment must be one that will suspend the right of action on the contract,

or which will authorize the principal to maintain an action against the creditor for its breach ; that a promise which is void because not in writing is not a good consideration for an agreement of extension, and that a parol promise to pay interest at the rate of eight per cent. per annum, not being valid, although not prohibited by law, (R. S., c. 45, § 1,) is not a good consideration for such an agreement.

It is clear that the plaintiff could not maintain an action against Williams and Dean for the interest at eight per cent. per annum because their promise to pay it was not in writing. Williams and Dean, not being legally bound by their promise, the plaintiff would not be liable on her agreement, which had no consideration upon which it was based, except their void promise.

But it is claimed by the learned counsel for the defendant that the parol agreement to pay interest at the rate of eight per cent. per annum, although not in writing, was a valid agreement to pay interest for the year at six per cent. and that such an agreement was a good consideration for the plaintiff's agreement, and *Bank* v. *Woodward,* 5 N. H. 99 ; *Wheat* v. *Kendall,* 6 N. H. 504, and *Bailey* v. *Adams,* 10 N. H. 162, are cited as authorities sustaining this proposition.

, We think the answer is that the plaintiff never made an agreement to extend the time of payment of the note one year in consideration of the promise of Williams and Dean to pay interest for the year at the rate of six per cent. There was no such contract between the parties. True, as long as the note remains unpaid, the plaintiff is entitled to interest at the rate of six per cent. but it is by virtue of the statue and not of the promise of Williams and Dean.

The doctrine of the New Hampshire cases cited for the defendant has not been adopted or approved by this court. *Berry* v. *Pullen, supra.*

> *Judgment for the plaintiff for*
> *the amount due on the note*
> *in suit.*

Appleton, C. J., Walton, Barrows, Danforth and Peters, JJ., concurred.