GRACE, Appellant, vs. LYNCH and another, Respondents.

*September 2 — September 29, 1891.*

*Promissory notes: Extension of time for payment: Consideration: Statute of frauds: Evidence.*

1. Payment before due of the interest on a note is a sufficient consideration for an agreement to extend the time for payment of the principal.

2. Where such an agreement is fully executed on the one part by the payment of the interest, it is not within the statute of frauds, though not in writing and not to be performed within a year.

3. Parol evidence is admissible to show the modification of a written contract by a subsequent agreement.

APPEAL from the Circuit Court for *Iowa* County.

Action upon a promissory note for $200 executed by the defendants on April 25, 1887, and payable to one Ole Kittleson, one year after date, with interest at eight per cent. Indorsements upon the note were as follows: "April 25, 1888, $16.00; April 25, 1889, $16.00; Pay to the order of *John F. Grace.* Ole Kittleson." The plaintiff testified that the note was assigned to him in February, 1890. The action was commenced in March, 1890.

The defense set up in the answer was that on April 25, 1888, one Anderson, acting as the agent of the payee, Kittleson, had extended the time of payment of the principal for one year; and that on April 2, 1889, the said agent, in consideration of the agreement of the defendants to keep the money another year, and other and further valuable consideration, extended the time of payment of the note until April 25, 1890.

The evidence given on the trial will sufficiently appear from the opinion. There was a verdict in favor of the defendants, and from the judgment thereon the plaintiff appealed.

*John F. Grace,* appellant, *pro se,* contended, *inter alia,* that since the note bears interest at the rate of eight per cent. it was required by sec. 1688, R. S., to be in writing, and therefore parol evidence was not admissible to vary, contradict, or change its terms. *Mott v. Richtmyer,* 57 N. Y. 50; *Drake v. Seaman,* 97 id. 230; *Holcomb v. Munson,* 103 N. Y. 682; *Teal v. Bilby,* 123 U. S. 572; *Lanitz v. King,* 93 Mo. 513; *Atlee v. Bartholomew,* 69 Wis. 43, 51; *Abell v. Munson,* 18 Mich. 306; *Cook v. Bell,* id. 387; *Hasbrouck v. Tappen,* 15 Johns. 200.

*J. P. Smelker,* for the respondents.

COLE, C. J. The power of the agent, Anderson, to make an agreement to extend the time for the payment of the note in question does not seem to have been seriously litigated in the court below. In the charge of the learned circuit judge it is assumed that he had authority to make such a contract on behalf of his principal, and the question submitted was whether he in fact did make such an agreement.

These facts were not controverted, or rather are so clearly established by the evidence that we deem them true, namely: That Anderson was intrusted with the money, and caused the loan to be made for Kittleson; that he received the note given by the defendants to secure the repayment of the loan, and kept it until it was sold to the plaintiff; that he received the interest on the note when it became due, April 25, 1888, and then agreed that the note might run on for another year at the same rate of interest; and finally, when he collected the interest in advance on the 2d of April, 1889, he remitted it to his principal, and he thinks he informed his principal that he had extended the time of payment of the note for a year. The agent is not very clear and positive in any of his statements, but this is a fair inference from what he testified, and it is likewise a

fair inference, from what he says, that he signed the name of Kittleson on the back of the note when it was trans: ferred to the plaintiff, for he says he held the note after the loan was made until the transfer to the plaintiff, and that Kittleson never had possession of it at all. We do not give the words of the witness, but the substance of what he said.

Now, in view of these facts and of the further fact that the power of the agent to make a contract for the extension of the time of payment was not seriously controverted on the trial, we feel justified in assuming that he had authority to make such a contract and bind his principal. The question then arises, Was the contract valid in law? The plaintiff insists that it was not a valid agreement, because it was not in writing and was not to be performed within one year; in other words, that the statute of frauds applied to it.

It appears that on the 2d day of April, 1889, some twenty-three days before the expiration of the second year, according to their previous understanding, the agent and one of the defendants met and had a conversation about the note and its payment, and it was then understood and practically agreed that, if the interest should then be paid, the note might run for another year. The interest was paid at that time, which was a sufficient consideration for the agreement to extend the time of payment. The agent and the defendant are in accord as to this agreement, but it is not clear whether the understanding was that the time of payment should be extended for one year from the 2d of April, or one year from the 25th of that month. It is more favorable to the plaintiff's case to assume that the agreement on the 2d of April was that the time of payment should be extended for one year from the 25th of April, 1889, and it is probable that this was the finding of the jury on the charge of the court. The case will be considered in that view.

We have already said that there was a sufficient consideration to support the agreement by the defendants paying the interest before it was due, on the 2d of April. How valuable this was to the payee of the note, or how disadvantageous to the defendants, is immaterial. Presumably, it was a benefit to the one and a loss or privation to the other. Was, then, the agreement void, under the statute of frauds, because not in writing and not to be performed within one year from the making thereof? This new contract was entirely executed on the part of the defendants by the payment of the interest, and the case is analogous to a parol sale and delivery of goods which are not to be paid for in full till after the expiration of a year. This court is fully committed to the doctrine that such a contract is not within the statute. *McClellan v. Sanford*, 26 Wis. 595. This case was followed in *Jilson v. Gilbert*, 26 Wis. 637; *Treat v. Hiles*, 68 Wis. 344; *Washburn v. Dosch*, 68 Wis. 436; and the question is not an open one in this court. We feel constrained to adhere to the rule which has been established by these decisions.

The objection that it could not be shown by parol testimony that the time of payment had been extended, because it tended to contradict or vary the terms of the note, is so obviously untenable as to require but a remark. The evidence was offered to prove a contract made long after the execution of the note. Parties are permitted to show, and often do show, by parol testimony, that the terms of a written agreement have been changed by subsequent contract, and there can be no objection to the admission of such evidence on the grounds suggested. The answer in the case clearly set up as a defense the agreement to extend the time of payment for one year from the 25th day of April, 1889; so a proper foundation was laid for proving the contract.

The exceptions taken to the refusal of the court to give

the instructions asked on the part of the plaintiff, as well as the exceptions taken to portions of the charge itself, are sufficiently disposed of in the remarks which we have made. As our views are adverse to the position of the plaintiff that the agreement was one within the statute of frauds, the other points are unimportant. We see no error in the record, and the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.