JOSEPH B. KELLEY *vs.* MOSES W. THOMPSON.

Essex. December 15, 1899. — March 2, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Promissory Note — Evidence — Statute of Frauds.*

In an action on a promissory note payable in two years, given in payment for the good will in a milk route and personal property used in connection therewith, the maker also agreeing to buy all his milk from the payee at a certain rate a can, which agreement he kept, and paid bills rendered monthly for it at that rate, evidence of an oral agreement that when the note was settled a discount of a certain sum a can on all milk bought after the date of the note should be made and applied thereon contradicts the written agreement contained in the promissory note and is inadmissible; and the statute of frauds, Pub. Sts. c. 78, § 1, cl. 5, is a defence to a declaration in set-off for the amount of such discount.

CONTRACT, upon a promissory note for $500, dated October 1, 1892, payable in two years after date to the order of the plaintiff with interest at six per cent per annum, and signed by the defendant; and also to recover a balance due for milk sold. At the trial in the Superior Court, before *Bell*, J., the jury returned a verdict for the plaintiff, in which the amount of a disputed item in a declaration in set-off was deducted from the balance

which was agreed to be due to the plaintiff without such deduction; and he alleged exceptions. The facts appear in the opinion.

*J. Wiggin*, for the plaintiff.

*H. J. Cole*, for the defendant.

LORING, J.   On October 1, 1892, the plaintiff, who was a farmer having a herd of cows " and also the owner of a milk route," sold to the defendant his good will in the milk route, and certain personal property used in connection with it, for $600; the defendant paid $100 of the $600 in cash, and gave his note for the other $500, payable in two years from that date with interest at six per cent per annum.   At the same time, the defendant agreed to purchase from the plaintiff all his milk at the rate of twenty-eight cents a can; no time was fixed during which the defendant should take the plaintiff's milk, but, in fact, " the defendant continued to take the plaintiff's milk and pay therefor the price of twenty-eight cents a can from the time of purchasing said route until April 1, 1895, and afterwards, for the six winter months at that rate, and the six summer months at the rate of twenty-four cents.   Monthly bills were rendered by the plaintiff to the defendant for the milk purchased, which were paid by the defendant and receipted by the plaintiff."   Interest on the note was paid yearly up to and including October 1, 1896.

This suit was brought to collect the amount of the note, with interest from October 1, 1896, and a balance due the plaintiff for milk sold by the plaintiff to the defendant during the five months from April 1 to September 1, 1895, inclusive.   The plaintiff died after the bringing of the suit, and the executor of his will was admitted to prosecute.   The defendant pleaded the general issue and payment, and also filed a declaration in set-off, in which he counted on an account annexed, including, among other items, the following: " To discount on milk, at four cents per can, $381.68."   To the declaration in set-off the plaintiff pleaded the general issue and the statute of frauds.   The only item in controversy between the plaintiff and the defendant was this item of the declaration in set-off amounting to $381.68.

The defendant was allowed to prove that as part of the agreement of sale of the milk route " it was orally agreed between

him and the plaintiff that, at the settlement of said note, a discount of four cents per can should be made by the plaintiff to the defendant on all milk purchased by him subsequent to the date of the note, for which he had paid at the rate of twenty-eight cents a can, and that said discount should be applied upon said note ; . . . that he was to pay interest upon the entire amount of the note until the note was settled," and " that the allowance of four cents per can on the milk purchased by him at the rate of twenty-eight cents a can was to be made upon the note at the time the note was settled."

The oral agreement testified to by the defendant was not an agreement as to the price of the milk which the defendant was to buy of the plaintiff ; it was admitted by the defendant that the agreement was that the price of the milk was twenty-eight cents a can, and monthly bills were rendered by the plaintiff to the defendant at that price and paid by the defendant. The agreement testified to was, that when the note was settled the plaintiff should allow a discount of four cents a can on all milk for which the defendant had paid twenty-eight cents a can, and that that discount should be applied in payment of the note.

As a defence to the count founded upon the note, this oral agreement was not competent; the agreement contained in the note was to pay $500, with interest at six per cent; the oral agreement which the defendant was allowed to testify to was that his obligation was to pay $500 with interest at six per cent, less four cents a can on milk for which he had paid twenty-eight cents a can. This oral agreement contradicted the agreement contained in the note, and for that reason was inadmissible in evidence. *St. Louis Perpetual Ins. Co.* v. *Homer*, 9 Met. 39. *Allen* v. *Furbish*, 4 Gray, 504. *Hall* v. *First National Bank*, 173 Mass. 19. *Wood's Sons Co.* v. *Schaefer*, 173 Mass. 443. The case of *Crosman* v. *Fuller*, 17 Pick. 171, relied upon by the defendant, is not in conflict with this conclusion. In that case, the defendant, when sued upon his note, was allowed to prove that the note had been paid by necessaries furnished by him to the plaintiff ; it was a fact that these necessaries had been furnished in pursuance of an oral agreement made when the note was given ; but if this oral agreement had been set up before the note had been paid by the delivery of

necessaries to the plaintiff, to prevent the plaintiff's recovering on the contract set forth in the note, it would not have been admissible.

As the foundation of the defendant's claim in set-off, the proof of this oral agreement is forbidden by the statute of frauds. Pub. Sts. c. 78, § 1, cl. 5. By the terms of the oral agreement the discount was not to be allowed when the milk was delivered but when the note was "settled"; that of course means paid. The note was payable at the end of two years from the date when this oral agreement was made. An oral contract for the payment of money which is, by the terms of the contract, to be paid more than a year after the date thereof is within the statute of frauds, though the consideration therefor is delivered at the date of the contract. *Marcy* v. *Marcy,* 9 Allen, 8. *Frary* v. *Sterling,* 99 Mass. 461. The alleged agreement of the plaintiff to allow a discount to the defendant was, by its terms, an agreement to allow a discount at a time more than a year after the date of the agreement; the agreement being made by word of mouth only, cannot be enforced. Pub. Sts. c. 78, § 1, cl. 5. *Exceptions sustained.*