WELCH, Appellant, vs. KUKUK, imp., Respondent.

*April 20—May 8, 1906.*

*Bills and notes: Extension of time for payment: Consideration: Payment of interest before due.*

Payment of the interest before due is a sufficient consideration for an agreement to extend the time for payment of a note; but voluntary consent of the holder to an extension, given at the time of such prepayment of interest but not based upon it as a consideration, does not constitute a binding agreement to extend.

APPEAL from a judgment of the county court of Dodge county: J. A. BARNEY, Judge. *Reversed.*

This is an action to recover $200 and interest from June 28, 1903, alleged to be due from the defendants to the plaintiff upon a promissory note executed by the defendants June 28, 1902, wherein and whereby they, for value received, promised to pay to the plaintiff or bearer, one year after date, $200 with interest, no part of which note has been paid except the interest to June 28, 1903. The defendant *Kukuk* answered and admitted the making of the note and its contents as alleged in the complaint, and that nothing was paid thereon except the interest to June 28, 1903, and alleged as a defense, in effect, that he signed the note without considera-

tion and for the accommodation of Marcus Sterr, all of which
the plaintiff then and there well knew; that before the ma-
turity of the note the plaintiff, for a valuable consideration
and without his knowledge or consent, made a valid and bind-
ing agreement with Sterr extending the time for the payment
of said note for one year from the date of its maturity and
to June 28, 1904, whereby he was released from liability.

A jury having been waived, the court at the close of the
trial found as matters of fact, in effect, that the note was exe-
cuted at the time and for the amount stated in the complaint
and was owned by the plaintiff, and that nothing had been
paid thereon except the interest to June 28, 1903, and the
balance of said findings of fact are as follows:

"That while said defendant, *Fred Kukuk,* in form signed
said note as one of the makers thereof, he signed the same,
as a matter of fact, without any consideration whatever and
for the accommodation of and as surety for said defendant,
Marcus Sterr, all of which said plaintiff then and there well
knew. That before the time of the maturity of said note and
on the 20th day of June, 1903, said plaintiff, for a valuable
consideration and without the knowledge or assent of said
defendant, *Fred Kukuk,* made a valid and binding agree-
ment with said defendant, Marcus Sterr, whereby they agreed
to and did extend the time for the payment of said note for
one year from the date it by its terms matured and to the
28th day of June, 1904."

As conclusions of law the court found, in effect, that the
defendant *Kukuk* is entitled to have judgment dismissing the
complaint herein and for his costs and disbursements in this
action, and ordered judgment to be entered accordingly.
From the judgment so entered the plaintiff appeals.

For the appellant there was a brief by *Beach & Tillotson,*
and oral argument by *R. D. Tillotson.* They argued, among
other things, that the mere fact that the interest was paid at
the time that the promise was made to extend the time of the
note is not sufficient to constitute it the consideration for the

promise. It must be shown that such payment in advance was actually the consideration for the promise of the creditor to extend the time. *English v. Landon,* 181 Ill. 614, 54 N. E. 911; *Fanning v. Murphy,* 126 Wis. 538, 105 N. W. 1056.

For the respondent the cause was submitted on the brief of *C. E. Hooker.*

CASSODAY, C. J. The note with interest was payable one year from the date thereof. Eight days before its maturity the defendant Sterr paid to the plaintiff the one year's interest thereon. It is conceded that the defendant *Kukuk* signed the note without consideration and for the accommodation of the defendant Sterr. It is claimed on the part of *Kukuk* that eight days before the maturity of the note, and without his knowledge or assent, the plaintiff and Sterr made a valid and binding agreement to extend the time for the payment of the note for one year, or to June 28, 1904, and that he was thereby released from liability on the note. It is conceded that the only consideration for such agreement was the payment of such interest eight days before it became due. It is well settled that the prepayment of interest before maturity may be a good consideration for a promise to extend the time of payment. *Ready v. Sommer,* 37 Wis. 265, 267, 268. In that case there was a mutual agreement in writing, and Chief Justice RYAN said:

"The prepayment is a sufficient consideration for the extension, under all the authorities, and we think that we ought to hold that the payment sufficiently appears in the paper as a consideration to support the agreement to extend. The payment and the extension are parts of one transaction, evidenced by one paper; the payment benefiting the one party, and the extension the other." See *Union Nat. Bank v. Cross,* 100 Wis. 174, 177, 75 N. W. 992.

It is equally well settled that "there must be an agreement to forbear, either express or implied, and mere forbearance

voluntarily granted by the claimant will not avail." 6 Am. & Eng. Ency. of Law (2d ed.) 743; *First Nat. Bank v. Cecil,* 23 Oreg. 58, 31 Pac. 61, 32 Pac. 393; *Mecorney v. Stanley,* 8 Cush. 85. Thus it is held that:

"Mere forbearance to sue, without any agreement to that effect, is not a sufficient consideration for the promise of another to pay the debt of the person liable, although the act of forbearance was induced by such promise." *Manter v. Churchill,* 127 Mass. 31.

The question recurs whether the trial court was justified in finding that the plaintiff and Sterr made a valid and binding agreement to extend the time of payment for another year. Did the plaintiff agree to such extension in consideration of the interest being paid before maturity, and did Sterr pay the interest before maturity in consideration of an agreement on the part of the plaintiff to so extend the time of payment? Or did Sterr voluntarily make the payment at the time he did? And did the plaintiff voluntarily consent to such extension without regard to whether the interest was paid before maturity or not? The plaintiff and Sterr were alone at the time it is claimed the alleged agreement was made. Sterr testified to the effect that the plaintiff came to see him June 20, 1903; that he paid him the interest on the note on that day; that he made an arrangement about extending the time of payment of the note on that day; that the arrangement was that he said to the plaintiff that note must be due; that the plaintiff then said it was over a week yet; that he then said to the plaintiff, "How is it—do you want the money now, or will you leave it stand?" That the plaintiff then said, "You can keep it for another year or as long as I live;" and that Sterr then "paid him the interest and nothing further was said after that." There is also testimony tending to prove that the plaintiff subsequently admitted that the time of payment of the note had been extended for a year. For the purpose of this appeal we must assume that such testimony is true, notwithstanding the testimony of

the plaintiff to the effect that, at the time of the payment of such interest, there was no conversation about extending the time of payment of the note. It will be observed that there is nothing in the testimony of Mr. Sterr authorizing a finding that he paid the interest before maturity as a consideration for such extension, or that the plaintiff agreed to such extension in consideration of such payment of interest being made before maturity. In other words, it appears from such testimony that Sterr voluntarily paid the interest before maturity, and that the plaintiff voluntarily consented to such extension without regard to the time when such interest was paid. This makes it unnecessary to consider whether such testimony justified the finding that there was a valid agreement to extend the time of payment for a fixed and definite time. We must hold that the defendant *Kukuk* was not released from liability by reason of such extension.

*By the Court.*—The judgment of the county court is reversed, and the cause is remanded with direction to enter judgment in favor of the plaintiff and against the defendant as indicated in this opinion.