Silas Bartlett *vs.* Edward S. Pitman and A. I. Harvey.

Androscoggin.   Opinion November 15, 1909.

*Promissory Notes.   Principal and Surety.   Extension to Principal.   Consideration.*

Where the principal and surety duly signed a promissory note and delivered the same to the payee and the payee and the principal without the knowledge or consent of the surety, orally agreed to extend the time of the payment of the note for one year after it became due, and no consideration for the agreement was shown, *held* that the surety was not thereby discharged.

On exceptions by defendant surety.   Overruled.

Assumpsit on a promissory note signed by the defendant Pitman as principal and by the defendant Harvey as surety.   For plea the defendant Harvey filed the general issue with brief statement as follows:   "That he was an accommodation signer on the note declared on in plaintiff's writ and declaration and that plaintiff who

was the payee in said note, with full knowledge that the defendant signed said note as an accommodation signer, extended the time of payment on said note for the term of one year after said note became due, without any notice or agreement with said defendant, Austin I. Harvey, the accommodation signer on said note, whereby the defendant, Austin I. Harvey, was discharged from the payment of said note and from all liability thereon." At the conclusion of the evidence the presiding Justice directed a verdict for the plaintiff and against both defendants for the amount of the note and interest. The defendant Harvey excepted to certain rulings. The following question was also submitted to the jury : "Did the plaintiff agree with Edward S. Pitman to extend the time of payment after the note became due? Answer. "Yes."

The case is stated in the opinion.

*McGillicuddy & Morey*, for plaintiff.

*W. H. Hines*, for defendant Pitman.

*H. H. Patten*, for defendant Harvey.

SITTING : WHITEHOUSE, SPEAR, CORNISH, KING, BIRD, JJ.

SPEAR, J. This was an action upon a promissory note signed by Edward S. Pitman, principal, and A. I. Harvey, surety. The note was signed by Harvey before delivery to the plaintiff. The defense was the general issue with a brief statement that the defendant Harvey was an accommodation signer and that the plaintiff, the payee, in the note, extended the time of payment for the term of one year after the note became due without the knowledge or consent of the defendant Harvey. The evidence tended to support the brief statement and the jury in answer to the question whether the note was so extended, answered in the affirmative, although the definite time of one year was not specified in the question. At the close of the charge of the presiding Justice, the defendant's counsel said : "One other question I would like to have appear, that we also claim in defence that if the time of payment was extended by the plaintiff for a definite time, without the consent of the surety, that would discharge him." The court declined to give the

requested instruction and ordered the jury to return a verdict for the plaintiff.   The defendant excepted to the refusal of the court to give the requested instruction and the case comes up on that exception.

Nothing appears in the evidence to show any contract between the plaintiff and the principal defendant beyond that specified in the brief statement, namely, a naked agreement to extend payment one year.   There is no intimation of any new consideration for this contract.   Consequently the agreement was not one which the principal could have enforced against the plaintiff.   It therefore did not affect the rights of the surety.   *Berry* v. *Pullen*, 69 Maine, 101 ; *Turner* v. *Williams,* 73 Maine, 466 ; *Bank* v. *Dow*, 79 Maine, 275 ; *Bank* v. *Parsons*, 138 Mass. 53.

These cases seem to be conclusive upon the point raised by the exceptions.

*Exceptions overruled.*