PHILLIPS, Respondent, vs. HOLLAND and wife, Appellants.

*April 23—May 14, 1912.*

*Mortgages: Assignment: Foreclosure: Previous agreement for extension: Validity.*

1. An agreement by which, for a valuable consideration paid by the mortgagor, the time for payment of a note and mortgage is extended, is valid though not in writing.
2. Such agreement is binding upon one to whom the note and mortgage were assigned after the due date of the note but before the extended time had expired, although such assignee was assured by the assignor that the note was then past due.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Reversed.*

This is an appeal from a judgment of foreclosure and sale, in an action to foreclose a mortgage executed on August 18, 1905, to J. J. Schissler, to secure a promissory note for the sum of $3,500, payable at Schissler's office on November 1, 1908, interest payable semi-annually on the first day of May and November of each year. The mortgage was assigned and the note transferred by indorsement by Schissler on November 2, 1905, and the mortgage was assigned and the note transferred without indorsement by Mrs. Fay E. Lovell, Schissler's assignee, to the plaintiff on September 22, 1910.

For the appellants there was a brief by *Lenicheck, Robinson, Fairchild & Boesel,* and oral argument by *E. T. Fairchild.*

For the respondent there was a brief by *Emil J. Ludwig,* attorney, and *Moritz Wittig,* of counsel, and oral argument by *Mr. Wittig.*

SIEBECKER, J. The defendants claim that a short time before November 1, 1908, when the note became due, it was extended for a valuable consideration for three years, and that this action, which was commenced on December 2, 1910, was brought prematurely. The plaintiff testified that she received the mortgage and note as consideration for real estate sold to Mrs. Lovell by her, and that Mrs. Lovell assured her in the presence of her scrivener that the note had not been extended and that it was due. The scrivener testified to the same effect.

The defendant *Ernst Holland* testified that before November 1, 1908, when the note became due, he was asked by Schissler whether he desired to have the note extended; that upon payment of $17.50 to Schissler he arranged with Schissler to have the time of payment extended for three years; that he paid this amount and received a receipt from Schissler; that he did not know that Schissler no longer held the mortgage and note and that Schissler had theretofore transferred the

note and mortgage to Mrs. Lovell; and that he did not know that Schissler was acting for Mrs. Lovell in collecting the interest and in extending the time of payment.   Mr. Schissler testified that he had the transaction with the defendant; that Mrs. Lovell consented to the extension; and that an entry of the extension had been made by his direction in his books. Mrs. Lovell testified that she knew of and agreed to the extension when Mr. Schissler brought it to her notice, and that she informed the plaintiff thereof before and at the time she formally assigned the note and mortgage to her.

The court found that the time for the payment of the note had not been extended; that the plaintiff had no notice or information of the extension; and that the note was past due when the action was commenced.

It is difficult to perceive upon what evidence in the case the court could come to the conclusion that the time for payment of the note had not been extended for three years from November 1, 1908, the date of the maturity as specified on the face thereof.   The evidence is without dispute that the defendant (the mortgagor), the owner of the note (Mrs. Lovell), and her agent (Mr. Schissler) entered into an agreement, by which the time of payment of the note and mortgage was extended for three years and under which the defendant paid as a consideration for this agreement the sum of $17.50 to Mr. Schissler.   There being no dispute on this point, the agreement became a verity in the case and the parties thereto are bound thereby.   The fact that it was not in writing does not affect its validity.   *Grace v. Lynch,* 80 Wis. 166, 49 N. W. 751; *Fisher v. Stevens,* 143 Mo. 181, 44 S. W. 769. True, it appears that the plaintiff and her scrivener testify positively that Mrs. Lovell represented to them at the time of the negotiations and the transfer of the note and mortgage to the plaintiff that the time of payment of the note and mortgage had not been extended and that they were then due. This is denied by Mrs. Lovell in her testimony, and she af-

firms that the time of payment was extended by her as claimed by the defendant and that she so informed the plaintiff and her scrivener.    The trial court manifestly found that the plaintiff was assured by Mrs. Lovell that the note and mortgage were past due when the plaintiff purchased them.    This, however, is no evidence to impeach the agreement actually made between the defendant and Mr. Schissler for such an extension of the time of payment and the fact that it was actually assented to by Mrs. Lovell.    We are constrained to hold that the trial court's findings on this point are against the undisputed evidence and that shortly before the note became due on November 1, 1908, an agreement was made by the defendant and Mrs. Lovell, for a valuable consideration, extending the time of payment for three years, and that the note was not due and payable until November 1, 1911.

The plaintiff acquired no other rights under the assignment to her than those of her assignor.    She was bound by the extension agreement (*Allison v. Manzke,* 118 Wis. 11, 94 N. W. 659), and hence this action was prematurely brought.    The court should have so found and have awarded judgment accordingly.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with directions to dismiss the complaint.