BANGS, BERRY, & CARSON, a Foreign Corporation, Respondent, v. J. J. NICHOLS, E. T. Williams, Leonard Retterath, Scandinavian American State Bank of Van Hook, North Dakota, a Corporation, and Farmers State Bank of Sanish, North Dakota, a Corporation, and E. E. Balsukot, Appellants.

(181 N. W. 87.)

**Chattel mortgages — Frauds, Statute of — evidence held to sustain judgment of foreclosure by action; sale of part of mortgaged herd gives right to foreclose; verbal agreement extending time of payment of note held within Statute of Frauds.**

Plaintiff, as assignee of mortgagee, commenced foreclosure by advertisement of a certain chattel mortgage, which was restrained by order of court, after which foreclosure by action was had, resulting in a judgment of foreclosure. Under the evidence it is *held*, the judgment is right.

Opinion filed December 30, 1920.

Appeal from District Court of Mountrail County, Honorable *K. E. Leighton,* Judge.

Judgment affirmed.

*John E. Greene,* for appellants.

*McGee & Goss,* for respondent.

The court has repeatedly held that the appellant cannot try his lawsuit on one theory in the trial court, and appeal and attempt to try it on another theory in the supreme court. Lynn v. Seby, 29 N. D. 420; Harris v. Van Vranken (N. D.) 155 N. W. 72; Peterson v. Conlan, 18 N. D. 205, 119 N. W. 367; Movius v. Propper, 22 N. D. 452, 136 N. W. 942; Petree v. Wyman, 159 N. W. 616.

GRACE, J. This action is one to foreclose a certain chattel mortgage covering certain stock. From a judgment in plaintiff's favor defendants appeal.

The material facts are as follows:

About the 2d day of July, 1918, defendant Nichols purchased from Retterath & Williams, 167 head of young steers and heifers, for $9,639.

Prior to the time of said sale, Retterath & Williams had purchased

the same stock from plaintiff for $9,220.75. Nichols executed his promissory note, payable to Retterath and Williams, for the purchase price of the stock, and secured it by a chattel mortgage on all of the stock, and agreed to give a first mortgage in the sum of $1,000, on a certain quarter section of land, as additional security, which he never did.

The note matured on about January 2, 1919, when Nichols gave a renewal note, which, including the accrued interest on the original note, amounted to $10,072, bearing interest at the rate of 9 per cent per annum. It was due July 2, 1919. The two notes and chattel mortgage, prior to maturity, were assigned to plaintiff by Retterath and Williams. On July 2d, Nichols wrote to plaintiff to ascertain if it were not agreeable to hold the property longer.

A short time thereafter Carson, one of the officials of plaintiff corporation, called upon Nichols and required of him to pay the note, which was not done, and plaintiff commenced foreclosure of the chattel mortgage by advertisement. Nichols turned the cattle over to it. Later, plaintiff, by an order of the district court, was restrained from proceeding with the foreclosure by advertisement. It proceeded then to foreclose by action, procured a warrant of seizure, and took possession of the stock thereunder. The defendant Nichols then rebonded, the amount of the bond being $24,000.

It is the claim of defendant Nichols that, at the time of the purchase of the stock, from Retterath and Williams, it was agreed between them, that he should have two years in which to pay for the stock, but that, in order to comply with certain bank regulations of a bank at South St. Paul, it was necessary to have the indebtedness mature at the expiration of six months, when a renewal note would be executed, for which the note and chattel mortgage, first executed, should remain as security, and by continued renewals the matter to be carried until the expiration of the time alleged to have been agreed upon, as claimed by defendant Nichols.

Plaintiff denies any such agreement and, as a further defense to it, pleads the Statutes of Frauds. In addition to this, plaintiff claims the conditions of the mortgage were violated, by reason of Nichols selling some of the stock, without its written consent. It is undisputed that Nichols, in violation of the provisions of the mortgage, did sell one bull,

and that he sold to some Indians one heifer, which died while calving

The case is before this court for trial *de novo*. Nichols's testimony is to the effect that he was to have two years in which to pay for the cattle, while that of Retterath and Williams is that he was to have eighteen months. In any event, it would seem that the time which Nichols claims he was to have in which to pay for the cattle has now expired. All that is involved in this case at this time is the matter of costs, which amount to approximately $700.

We are of the opinion there was a default in the mortgage at the time it was attempted to be foreclosed, for the reason that Nichols had sold part of the stock. The sale of the bull, without the written or verbal consent of the plaintiff, and other sales, as shown by the evidence, was sufficient to constitute a breach of the conditions of the chattel mortgage, and authorize plaintiff to foreclose the mortgage. There was no written consent to such sales, and the evidence is insufficient to show a verbal one.

There is some evidence which tends to show that plaintiff had knowledge of the alleged agreement relative to the time of payment, claimed to have been entered into by Nichols with Retterath and Williams. We are of the opinion, however, that such evidence is not sufficient to show a different agreement than that represented by the notes and chattel mortgage; and further, we think the agreement, if any, was of no effect and was within the statute of frauds.

As we view the matter, at the time foreclosure proceedings were commenced, the notes secured by the chattel mortgage were due, and no payment thereof having been made, of the amount claimed to be due thereon, plaintiff had a legal right to foreclose the chattel mortgage, pursuant to law.

We can discover nothing in this case which will entitle defendant Nichols to any relief, nor do we see any reason why he should escape the payment of the costs of the litigation. Plaintiff had a legal right to foreclose the mortgage. The conditions authorizing the foreclosure had become operative. He was entitled to a judgment of foreclosure. A judgment of that character was entered by the trial court. It should be and is affirmed.

Respondent is entitled to the costs and disbursements on appeal.

ROBINSON, and BRONSON, JJ.

CHRISTIANSON, Ch. J. (concurring). The sole contention of the appellants is that there was a verbal agreement that the defendant Nichols should have two years in which to pay for the cattle, and that the note which he gave in payment thereof should be renewed every six months until the expiration of the two-year period. As stated in the opinion prepared by Mr. Justice Grace,—at the time this action was commenced, the renewal note taken by the plaintiff was past due; and there was, according to the terms of the note and the chattel mortgage, default in the payment of the indebtedness secured by the mortgage. There was also default in the conditions of the mortgage by reason of the sale of at least one head of stock covered by the mortgage.

I agree with Mr. Justice Grace that the evidence adduced by the defendant "is not sufficient to show a different agreement than that represented by the notes and chattel mortgage." Apparently a similar conclusion was reached by the trial judge, for he found "that default exists in the terms and conditions of said chattel mortgage in this,—that the indebtedness, the payment of which is secured by said chattel mortgage, is past due and wholly unpaid, and the defendant J. J. Nichols has sold and disposed of a portion of the property described in said chattel mortgage." I concur in an affirmance of the judgment.