LEICKEM, Respondent, vs. BABE and another, Appellants.

*March 12—April 6, 1926.*

*Fraud: Exchange of property: Damages: Value of lands in distant state: Evidence: Competency of witness: Who determines: Appeal: Objection first raised on appeal: That action is in equity and not for jury.*

1. Defendant, who made no objection to the ruling of the trial court that an ambiguous complaint stated an action for damages for misrepresentation rather than one for rescission of contract, nor objected to the case being tried before a jury, was not entitled to urge for the first time on appeal that the relief asked was equitable.   p. 605.

2. An award of $750 for false representations inducing an exchange of a stock of merchandise and other assets for forty acres of land for which defendant paid $200, is *held* excessive.   p. 606.

3. The competency of a witness who testified as to the value of lands in a distant state is for the court to determine, but the weight of his testimony is for the jury.   p. 606.

APPEAL from a judgment of the circuit court for Milwaukee county: FRED BEGLINGER, Judge. *Reversed, with directions.*

The defendant *Mrs. Ida M. Dickman* owned forty acres of land in Allegan county, Michigan, purchased the year before for $200. She placed it for sale with the defendant *Frank Babe,* a real-estate dealer in Milwaukee, at a price of $800. Plaintiff, fifty years of age, painter and decorator, but at this time running a small grocery store in said city,

negotiated for an exchange. After several interviews an agreement was made whereby on March 23, 1923, defendant *Dickman* gave a warranty deed to plaintiff of said land, reciting the consideration of "one dollar and property in exchange;" the plaintiff transferring and delivering the groceries and fixtures at said grocery store at a stipulated value of $600 subject to a chattel mortgage for $200, which, as stated in his complaint, the plaintiff "agreed to and did assume;" a $200 promissory note to the said defendant secured by mortgage on the said forty, and also a certain Ford truck at an agreed valuation of $50.

The deed was then delivered and recorded on May 1st, and plaintiff delivered the note and mortgage but never delivered the truck. Defendant took possession of the grocery store and stock of goods and subsequently paid the said $200 chattel mortgage. April 20th plaintiff visited the land and thereafter refused to abide by the transaction, and brought this action in July alleging that plaintiff purchased relying upon certain false representations; that he thereupon elected to rescind the agreement and offered to restore defendants to their original position; demanded a return of the stock of groceries, the note and mortgage; and demanded judgment for $400 and that the note and mortgage be declared null and void. Defendants answered denying any false representations, and counterclaimed that the plaintiff had failed and neglected to turn over the said truck valued at $50, for which amount judgment was demanded. Plaintiff replied.

The case was brought on for trial before a jury without objection by defendant. Plaintiff moved to amend the prayer for damages from $400 to $1,000. This was allowed over defendant's objections. Defendant demurred *ore tenus* and the objection was overruled, the court then stating: "I take it this is an action for damages," to which defendant raised no objection.

A special verdict of thirty-four questions was submitted and answered that five certain alleged representations had been made; that each of such was false; each relied upon by plaintiff; that in the exercise of care and prudence he ought to have relied upon each, and that the land would have been worth $800 if each such representation had been true; that the defendant *Ida M. Dickman* knew that each such representation was made, and was false.    The representations were:

(a)  That the land was good farming land fit for farming and agricultural purposes;

(b)  That it "consisted entirely of sandy clay loam;"

(c)  That it contained considerable hardwood timber;

(d)  That it was reasonably worth $800;

(e)  That it was surrounded by other fertile farm land which then was occupied and being used as farming and agricultural land.

And by further answer that the fair market value of the land at the time of the exchange was nothing.

Upon respective motions by the parties the trial court directed judgment upon the verdict in favor of the plaintiff for the sum of $800, less the $50 (the agreed value of the undelivered truck), together with interest, costs, and disbursements.

From such judgment the defendants have appealed.

For the appellants there was a brief by *Upham, Black, Russell & Richardson,* attorneys, and *Perry J. Stearns,* of counsel, all of Milwaukee, and oral argument by *Mr. Stearns.*

For the respondent there was a brief by *Hugo J. Trost,* attorney, and *John Senti,* of counsel, both of Milwaukee, and oral argument by *Mr. Senti.*

ESCHWEILER, J.    Defendants contend, among other things, that the action was brought by the plaintiff to rescind the contract rather than to recover damages, and that the

court therefore erred in allowing the amendment increasing the damages from $400 to $1,000 and in granting judgment for $750 as damages.

The complaint as drawn was certainly ambiguous, and not as definite as might be in indicating which remedy, rescission in equity or damages at law, plaintiff had elected to pursue. If it was rescission, the action was triable by the court; if for damages, by a jury. The defendant, however, raised no objection to this case being called for trial and being tried before a jury, and entered no objection or protest when the court indicated his construction of the complaint to be that it was for damages. The defendant is too late now to raise for the first time and on appeal such question. *In re Assign-ment of Milwaukee S. & W. Co.* 186 Wis. 320, 329, 202 N. W. 693.

We shall not now determine whether any of the five several alleged false representations specified in the special verdict should be deemed immaterial or not a proper element to be the basis of such an action for damages. Nor shall we do more than call attention to the anomalous situation presented in this verdict, by which it is found that each one of four several false representations, if it had been true, gave a value to the land of $800, thereby apparently placing the value of the property, by a combination of all the representations, at much more than $800.

It must suffice for the disposition of this case to say that an examination of the record satisfies us that extravagant and unfounded statements were made as to this distant property and that such might have been properly relied upon by the plaintiff as inducements for his entering into the contract.

The only testimony upon which the jury predicated their finding that the value of the forty acres of Michigan land was nothing, rather than the $800 value which they find the defendants represented it to have, was upon that of the plaintiff himself. Rather than take the testimony of someone

in the neighborhood of the land and familiar with its value, plaintiff elected to testify that he was competent as a witness on value. His knowledge of farm values was based upon his having farmed in his early life; he never had been in the locality of this Michigan land before; he then looked at the land but did not go over all of it; he made inquiries from people at the county seat, some twelve miles away; he ascertained that it was assessed at $5 an acre or $200; and gave it as his judgment that its market value was nothing. His testimony in this regard was repeatedly and expressly objected to by defendant on the ground that his competency as a witness had not been shown. The trial court at first indicated that such objection was well taken, but subsequently ruled that it presented a jury question and permitted him to so answer. If such ruling meant that the question of his competency was one for the jury and not for the court it was clearly erroneous. If it meant that the court held him competent to so testify, but that the weight of his testimony was for the jury, we shall not disturb such ruling. In any event, however, we think that upon all the testimony, especially considering the fact that defendant has paid an obligation of plaintiff's, namely, the $200 chattel mortgage, it must be said that the damages as found by the jury and fixed by the court are too high.

We think, however, it would be an unnecessary hardship to have this case retried. For that reason, therefore, and in furtherance of justice, we determine that if plaintiff elects to reconvey to defendant *Dickman* the forty acres, that then the plaintiff may have judgment against the defendants for $400 with interest from the commencement of the action and for the return and release of the $200 note and mortgage; or in case plaintiff refuses, within thirty days after the return of this record to the circuit court, to accept such option, that then the defendant have a new trial. Appellant to have costs in this court.

*By the Court.*—Judgment reversed, with directions.