BRAASCH, Appellant, vs. BONDE and others, Respondents.

*November 10—December 7, 1926.*

*Bills and notes: Accommodation makers: Oral agreements of ex-
tension: Validity: Statute of frauds: When sureties or accom-
modation makers are released.*

1. Mere forbearance to sue upon an overdue indebtedness, even
   though there be a valuable consideration, such as the prepay-
   ment of interest or the payment of an increased interest rate,
   is not sufficient of itself to operate as a discharge of sureties
   or accommodation makers.  p. 417.
2. To discharge sureties or accommodation makers, forbearance
   to sue on an overdue indebtedness must be because of a valid,
   distinct, and definite agreement to forbear.  p. 417.
3. While the supreme court may refuse to consider and dispose
   of questions not properly or timely presented for the consider-
   ation of the trial court, it has power to and may consider the
   entire record and dispose of questions of law clearly pre-
   sented on the record.  p. 418.
4. The statute of frauds, which declares void oral contracts not
   to be performed within a year, applies to those extending the
   time of the payment of a promissory note.  [Former cases in
   Wisconsin involving an executed consideration distinguished.]
   p. 421.
5. An oral four-year extension of the time of payment of a note
   secured by a mortgage in consideration of the payment of an
   increased interest rate is void under sub. (1), sec. 241.02,
   Stats., requiring agreements not to be performed within one
   year to be in writing; and accommodation makers on the note
   are not released by the extension.  p. 421.

APPEAL from part of a judgment of the circuit court
for Manitowoc county: CHESTER A. FOWLER, Judge. *Re-
versed.*

November 24, 1919, defendant *Nicholas Bonde,* then un-
married, purchased a farm in Manitowoc county and gave
the vendor in part payment a note due November 24, 1925,
secured by mortgage.  He borrowed from plaintiff $3,400
to make the down payment on such purchase, giving a prom-
issory note due in one year at five per cent. payable semi-

annually, and obtained, at plaintiff's request, others of the defendants, his relatives, to sign the said note. It was conceded that such other signers received none of the consideration for such note or any for the signing.

Shortly afterward defendant *Nicholas* gave to plaintiff as further security a second mortgage on the farm so purchased, and such was without the knowledge of the other defendant signers.

*Nicholas Bonde* continued to pay interest at five per cent. until November 24, 1921, when the note was then one year past due. There is a dispute as to what then took place; defendant *Nicholas* testifying in substance that at that time it was agreed that if he would pay interest from then on at six per cent. (subsequently five and one-half) instead of the original five per cent., the plaintiff would extend the time of the payment until the first mortgage fell due on November 24, 1925. The evidence on plaintiff's behalf was to the effect that there was no agreement to extend the time of payment, but an insistence on payment of the principal, and, in default, a higher rate of interest.

August 6, 1925, this suit was commenced to foreclose the second mortgage given by *Nicholas Bonde* and for a deficiency judgment against him and the other defendants who were signers of the $3,400 note.

Defendant *Nicholas* answered separately, asserting the above alleged agreement of November, 1921,—that the time of payment should be extended until November 24, 1925, upon condition of payment of an increased rate of six per cent. per annum,—and that he has fully kept and performed all the terms of such agreement, and that there was not, at the time of the commencement of the action and at the time of answering (September 1, 1925), anything due or payable upon said note, and demanded that the complaint be dismissed with costs.

The other defendants, signers of said note, united in an answer asserting their signing for accommodation only, and as a separate defense asserting the aforesaid alleged agreement of November 24, 1921, for an extension until November 24, 1925, and that *Nicholas* would pay six per cent. instead of five per cent.; that under said agreement defendant *Nicholas* has paid all interest as the same became due under the said agreement and that said note did not become due and payable before November 24, 1925; that such extension agreement was without the knowledge or consent of said defendants; and prayed for a dismissal of the complaint.

Interest was paid semi-annually at six per cent. for the year 1922 and in May, 1923; in November, 1923, twice in 1924, and in May, 1925, at five and one-half per cent. No interest was paid for the six months ending November 24, 1925.

The material parts of the findings of fact were:

"3. After the said note became due, the plaintiff, in consideration of agreement by the defendant *Nicholas* to pay six per cent. instead of five per cent. interest, extended the time of payment of said note without the consent or knowledge of the other signers.

"4. After said agreement the plaintiff and defendant *Nicholas* agreed to a reduction of the rate of interest from six per cent., as theretofore agreed, to five and one-half per cent."

As conclusions of law the court granted judgment against *Nicholas* and determined that the other signers of the note were released from obligation thereon by such extension of time and should have costs against the plaintiff. Judgment was so entered, and plaintiff appeals.

For the appellant there was a brief by *Hougen & Brady* of Manitowoc, and oral argument by *A. L. Hougen.*

*Lawrence W. Ledvina* of Manitowoc, for the respondents.

Braasch v. Bonde, 191 Wis. 414.

ESCHWEILER, J. In the findings there is no express determination that the plaintiff and defendant *Nicholas* agreed to extend the time of payment until November 24, 1925, the definite and only date asserted in the several answers and testified to by *Nicholas*. From his written decision and the findings, however, the trial court seemingly considered that the payment of an increased interest rate with an agreement to extend the time of the note to each successive interest-paying time, even if not to the definite date of November 24, 1925, being upon sufficient consideration, namely, the increased rate of interest, would any one of them operate so as to release the accommodation signers.

Mere forbearance to sue upon an overdue indebtedness, even though there be a valuable consideration, as for instance here, an increased interest rate, is not sufficient of it-self to operate as a discharge of sureties or accommodation makers. The same is true of prepayment of interest or of paying an increased interest rate. In order to effect such result the forbearance must be because of and upon a valid, distinct, and definite agreement to forbear. *Union Nat. Bank v. Cross,* 100 Wis. 174, 177, 181, 185, 75 N. W. 992; *Fanning v. Murphy,* 126 Wis. 538, 554, 105 N. W. 1056; *Welch v. Kukuk,* 128 Wis. 419, 421, 107 N. W. 301; *Grace v. Lynch,* 80 Wis. 166, 49 N. W. 751.

The citations found in those cases show the same rule elsewhere, and it is now the same as it was then in Massachusetts (*Barber v. Rathvon,* 250 Mass. 479, 488, 145 N. E. 866; *Mumford v. Coghlin,* 249 Mass. 184, 190, 144 N. E. 283); and it is so held in *Berry v. Pullen,* 69 Me. 101, 103.

The only alleged agreement relied upon by defendants and supported by any testimony is that in November, 1921, the time of payment was extended until November, 1925. Such alleged agreement involved a promise on the part of the

plaintiff to forbear bringing action upon such note during a period of more than one year thereafter, conditional upon and supported by an undertaking by defendant *Nicholas* that he on his part would perform, namely, by paying an increased rate of interest at semi-annual periods until and including November, 1925. It involved, therefore, something to be performed by each after the year following the making of the promise. The final payment of interest due in November, 1925, was not made or tendered.

Appellant, the plaintiff, now, and apparently for the first time, asserts that if there were such an agreement to extend the time of payment until November, 1925, being oral it is void under the statute of frauds, sub. (1), sec. 241.02, providing that every agreement which, by its terms, is not to be performed within one year from the making thereof shall be void unless it be in writing, expressing the consideration, and subscribed by the party sought to be charged.

No objection was interposed on plaintiff's behalf on the trial as to the possible incompetency of the oral testimony offered and received concerning such agreement, and at the opening of the trial defendants' counsel stated that the extension agreement relied upon by them was not in writing.

While as a general rule this court may and does refuse to consider and dispose of questions not properly or timely presented for consideration of the trial court, as has been stated in a number of cases, among others *Leickem v. Babe,* 189 Wis. 602, 605, 208 N. W. 462; *In re Assignment of Milwaukee S. & W. Co.* 186 Wis. 320, 329, 202 N. W. 693; *Harrington v. Downing,* 166 Wis. 582, 585, 166 N. W. 318, yet, as stated in *Dupont v. Jonet,* 165 Wis. 554, 558, 162 N. W. 664, and in *Cappon v. O'Day,* 165 Wis. 486, 162 N. W. 655, it unquestionably has the power to and may consider the entire record and dispose of questions of law clearly presented on the record, and as in the latter case

illustrated, where (p. 491) it was held that the question of the validity of a chattel mortgage dependent upon the terms of the filing statute could be so determined though here first presented, and so we now feel it proper to pass upon the question of law. We are not unmindful that in other jurisdictions such procedure would not be followed. *Kottler v. New York Bargain House,* 242 N. Y. 28, 37, 150 N. E. 591.

There are opposing views among the authorities on the question as to whether or not an agreement to pay money is such an agreement as is intended to be covered by the language of the statute of frauds above cited. The weight of authority, however, is that it is within such statute. Browne, Statute of Frauds (5th ed.) § 283; 27 Corp. Jur. 185; 25 Ruling Case Law, 466. To the authorities there cited may be added *Bartlett v. Pitman,* 106 Me. 117, 119, 75 Atl. 379; *Turner v. Williams,* 73 Me. 466, 470; *Bangs, Berry & Carson v. Nichols,* 47 N. Dak. 123, 181 N. W. 87; *Thompson v. Ford,* 145 Tenn. 335, 236 S. W. 2; *Reed v. Watson* (Tex. Civ. App.) 262 S. W. 178.

It was said in *Kelly v. Thompson,* 175 Mass. 427, 430, 56 N. E. 713 : "An oral contract for the payment of money which is, by the terms of the contract, to be paid more than a year after the date thereof is within the statute of frauds, though the consideration therefor is delivered at the date of the contract." That decision refused to enforce an oral promise to allow a discount more than a year later. See, also, *Marcy v. Marcy,* 9 Allen (91 Mass.) 8.

The question has not been squarely passed upon in this state, although language is used in several decisions which might seem to require the conclusion that it is the law here that such agreements need not be in writing although not to be performed within the year. In *Phillips v. Holland,* 149 Wis. 524, 136 N. W. 191, $17.50 was paid at the time of the making of an oral agreement to extend the time of

payment of a note for more than one year. Such payment was the only consideration for the promise to extend, and being then paid it became, so far as the debtor was concerned, an executed agreement; the court saying: "The fact that it was not in writing does not affect its validity." To this statement there was only cited *Grace v. Lynch,* 80 Wis. 166, 49 N. W. 751, and *Fisher v. Stevens,* 143 Mo. 181, 44 S. W. 769.

In *Grace v. Lynch, supra,* it was held that payment before due of the interest on a note is sufficient consideration to extend the time, and it is taken out of the statute because, being fully executed by the one obtaining the extension, it is analogous with the situation arising out of a parol sale and complete delivery of goods which are not to be paid for in full until after the expiration of a year. The court stated that it is fully committed to the doctrine that in such a situation, namely, where there is an executed consideration, there is thereby a taking out from the statute; and several cases to that point are cited: *McClellan v. Sanford,* 26 Wis. 595, where the statute of frauds was set up as against an alleged promise to pay, after the one year, $1,200 on a certain mortgage note; the consideration for such promise was a conveyance of land and an assignment of certain railroad stock, both such being executed within the year; numerous cases are cited (p. 609), and it was then held that a verbal promise to pay beyond the year, if made upon an *executed consideration,* is valid. The *McClellan Case* was followed in *Jilson v. Gilbert,* 26 Wis. 637. In *Treat v. Hiles,* 68 Wis. 344, 32 N. W. 517, a verbal agreement to forthwith work a quarry was held not within the one-year statute (p. 355), stating (p. 357) that performance by one party within the year takes the contract out of the statute. *Washburn v. Dosch,* 68 Wis. 436, 32 N. W. 551, also cited in *Grace v. Lynch, supra,* involving a promise not to engage in the same business for five years in part consideration of

an executed sale of goods, held that an agreement fully executed by one party within the year, although not to be performed by the other within the year, is valid. In the other case cited in *Phillips v. Holland,* 149 Wis. 524, 136 N. W. 191, *supra,* of *Fisher v. Stevens,* 143 Mo. 181, 44 S. W. 769, an equitable defense was interposed involving the question of an oral agreement to extend the time of the payment of a debt for a definite period, and it was there held that such an agreement, made after a note became due, when supported by a valuable consideration, though verbal, may be interposed as a bar to an action upon the note brought within the extended period, stating (p. 190) that if a creditor enters into a binding contract giving further time to the principal debtor without the consent of the surety the latter is discharged; but it must be noted that there the consideration for the promise to extend was fully carried out at the time the promise was made, and therefore the case, upon the facts, involved no more than was presented in the Wisconsin cases *supra.* This *Fisher v. Stevens Case* is referred to in *Baade v. Cramer,* 278 Mo. 516, 530, 213 S. W. 121, and again in *People's Bank v. Smith* (Mo.), 263 S. W. 475.

Not being bound by any former rulings of this court to the contrary, we therefore feel free to follow that which seems to be the better reason and logic, namely, that the statute of frauds in question, making void contracts not to be performed within a year and not in writing, applies to just such contracts as are here involved, namely, extending the time of the payment of a promissory note. In that view, therefore, there is no support in the record for the conclusion that the defendants, other than *Nicholas Bonde,* who signed the promissory note here in suit, can be released or discharged from the obligation they thereby assumed.

*By the Court.*—Judgment reversed, with directions to render judgment as herein indicated.