Mair, Appellant, vs. Schultz, Respondent.

*December 7, 1927—January 10, 1928.*

*Frauds, statute of: Oral agreement to extend note: Consideration: Interest paid in advance.*

1. An agreement for the extension of the time for payment of a note under which the maker was to pay one per cent. additional interest annually is void where it is not in writing, because it is not to be performed within one year and is not based on an executed consideration. p. 579.

2. Such agreement is not based on an executed consideration so as to take it out of the statute of frauds, where, though the interest was in fact paid before it was due, there was no showing that such payment in advance was the consideration for the extension. p. 579.

Appeal from a judgment of the circuit court for Columbia county: Chester A. Fowler, Circuit Judge. *Affirmed.*

Suit upon a note by *T. H. Mair* against *Otto Schultz,* an accommodation maker. From a judgment for the defendant the plaintiff appeals.

The note was a judgment note which contains an express consent "that time of payment may be extended without notice thereof to any of the sureties of this note." A judgment on cognovit was entered more than six years after the date when the note became due. This judgment was vacated and the defendant was permitted to come in and defend.

*J. J. McManamy* of Madison, for the appellant.

*Henry A. Gunderson* of Portage, for the respondent.

Stevens, J. (1) The liability of the defendant *Schultz* turns on the question whether recovery is barred by the six-year statute of limitations. That in turn depends on the question whether there was a valid extension of the time of payment.

The finding of the trial court that the maker and the plaintiff agreed that the time of payment should be extended

in consideration of the agreement on the part of the maker to pay one per cent. additional interest annually is supported by the greater weight of the evidence. Basing his decision upon *Braasch v. Bonde,* 191 Wis. 414, 421, 211 N. W. 281, the trial court correctly held that such agreement for an extension of time was void because the agreement was not in writing and was not to be performed within one year and was not based upon an executed consideration.

(2) Appellant's chief contention is that the extension was based upon an executed consideration, that is, the payment of interest in advance. Interest was in fact paid before it was due. Had the parties agreed that the time should be extended in consideration of the payment of interest in advance, that would have constituted an executed consideration that would have taken the agreement out of the statute of frauds. *Grace v. Lynch,* 80 Wis. 166, 49 N. W. 751. But the record is barren of any proof that payment of interest in advance was the consideration for the agreement to extend the time of payment.

*By the Court.*—Judgment affirmed.