BATSON, Appellant, vs. NICHOLS, Respondent.

*January 9—February 6, 1951.*

*N. Paley Phillips,* attorney, and *Irving D. Gaines* of counsel, both of Milwaukee, for the appellant.

For the respondent there was a brief by *Bendinger, Hayes & Kluwin,* attorneys, and *Bernard J. Hankin* of counsel, all of Milwaukee, and oral argument by *Mr. Hankin.*

BROWN, J.   Plaintiff's amended complaint alleged that he was a tenant in a rooming house owned and operated by either one or both of the defendants, Catherine Nichols and Monica Nichols, but whether both of them owned and operated it or, if only one did so, which one that is, he is unable to determine: that on August 11, 1947, he fell through a hole in the floor of the hall of the rooming house and was injured; that the house is a public building as defined by statute and that his injuries were due to the negligence of the defendants and to their violation of sec. 101.06, Stats. (the safe-place statute).   Defendant Monica Nichols answered denying that

on the date of the accident she either owned or operated the establishment, or was negligent, or had any duty to the plaintiff, or violated any law. Monica then moved for a summary judgment dismissing the action as against her. Affidavits were filed by both parties and after considering them and the pleadings the trial court granted the motion and entered judgment accordingly.

The summary-judgment procedure is not calculated to supplant the demurrer, or motion to make the pleadings more definite and certain, nor is it to be a trial on affidavits. *McLoughlin v. Malnar* (1941), 237 Wis. 492, 297 N. W. 370. Summary judgment should be granted only when it is perfectly plain that there is no substantial issue to be tried. *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* (1938), 229 Wis. 348, 281 N. W. 697; *Atlas Investment Co. v. Christ* (1942), 240 Wis. 114, 2 N. W. (2d) 714. The summary-judgment statute (sec. 270.635, Stats.) is not a substitute for a regular trial nor does it authorize the trial of controlling issues on affidavits. If there is any substantial issue of fact which entitles the plaintiff to a determination thereof by a jury or the court, the defendant's motion for summary judgment must be denied. *Parish v. Awschu Properties, Inc.* (1945), 247 Wis. 166, 19 N. W. (2d) 276.

Defendant Monica Nichols is subject to the duties and liabilities imposed by the safe-place statute if she either owned or operated this rooming house at the time of plaintiff's alleged injury, August 11, 1947. In support of her claim that she did neither, the record contains data from an insurance policy dated June 26, 1947, naming her as owner and stating her business was not applicable to the risk. Then there is her flat denial of both ownership and operation on August 11th and her quitclaim deed, dated July 21, 1947, conveying the real estate to John Nichols by which it appears that at least her ownership then ceased. There is also plaintiff's first complaint in which he alleged that Catherine Nichols owned

and operated the premises, and his testimony upon adverse examination before trial that he never saw Monica around the place and·in all matters concerning his tenancy he dealt with Catherine.

In plaintiff's favor is the affidavit of John Nichols. This states that before the conveyance to him, Monica had been both owner and operator and by the deed she transferred to him nothing but title to the real estate and, by agreement, retained management of the rooming house and continued to operate it until a few days after the date when plaintiff says he was hurt; and then she turned over entire operation to Catherine, to whom she had formerly delegated a considerable portion of the actual management. The affidavits set forth relevant city ordinances which prohibit a person from conducting a rooming house "the sanitary inspection certificate wherefor shall have been issued in the name of any other person, firm, or corporation" and direct that the proprietor of a rooming house must notify the commissioner of health, in writing, within twenty-four hours after relinquishing such proprietorship. It further appears that some ten months before this accident the city issued to Monica as operator of this rooming house such a certificate which she had not terminated and which was in force and effect and which was posted in the premises when the accident occurred and under the authority of which the rooming house was operated. The city records show that Monica gave no notice that her interest in the operation had ceased, nor did Catherine apply for a certificate in her own name until after the accident.

Certainly the conduct both of Monica and Catherine in this respect is consistent with John's affidavit that after conveyance of the realty to him Monica remained on as operator of the establishment and is inconsistent with Monica's contention that she severed her last connection with the establishment on July 21st. It appears to us that upon the affidavits of John and Monica alone a material issue is

presented. Monica says she gave him a deed and got out. John says she only gave him title but she continued to run the business. Her liability may depend on which is the truth and it is not for the court, on a motion for summary judgment, to pass on the veracity of opposing affiants and by so doing dispose of the action. We consider that the record presents a substantial issue of fact which entitles the plaintiff to a trial. Accordingly, we must hold it was error for the learned trial court to grant defendant's motion for summary judgment.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.