ESTATE OF ZEIMET: ZIMMERMAN, Administrator, Appellant, vs. ZEIMET, Claimant, Respondent.

*October 9—November 6, 1951.*

For the appellant there were briefs by *Lueck, Skupniewitz & Lueck* of Beaver Dam, and *Victor H. Glanz* of Milwaukee, and oral argument by *Mr. Arthur W. Lueck* and *Mr. Glanz.*

For the respondent there was a brief by *George A. Hartman, Robert G. Hartman,* and *Leo C. Hartman,* all of Juneau, and oral argument by *Leo C. Hartman* and *George A. Hartman.*

BROWN, J. The administrator's first contention is that because of the near relationship and the common home of Anna and Lucy, Lucy is presumed to have acted gratuitously. There is such a presumption, a rebuttable one, between near relatives. We need not decide whether it extends to persons with the relationship and association of these two women for, if the presumption exists, it was rebutted by three competent witnesses who testified that Anna Zeimet told them at separate times that she and Lucy had an agreement for Lucy to make her home with Anna and she would get whatever was left when Anna was gone. There was no testimony contradicting this. Its credibility was for the trial court and the court's determination that there was such an agreement is supported by the evidence. The administrator submits that because in the last year of Anna's life Lucy claimed her as a dependent on her income-tax return that fact rebuts the testimony establishing the express con-

tract already mentioned. We cannot follow the argument to that conclusion.

The administrator also contends that the evidence of value of Lucy's contribution in service and in cash or goods does not support the court's allowances. We need not set out the evidence in detail. We have examined the record and conclude that these findings are not against the great weight and clear preponderance of the evidence and therefore must be sustained.

Finally the administrator presents us with a question which was not raised in the trial court. It was there determined that Lucy was entitled to compensation at the rate of $30 per month for six years' personal service to the deceased, subject to a credit in favor of the estate of fifty cents per day for Anna's personal services, that is, $2,160 less $1,080; allowance $1,080. Now, for the first time it is contended that sec. 330.21 (5), Stats. 1947, 1949, limits the recovery of compensation for the personal services to two years.

The claim filed by Lucy included compensation for six years' services. The administrator objected on two grounds, (1) lack of information that this was a valid claim; and (2) information that it was not a valid claim. Sec. 313.05 (2), Stats., directs that the court shall not allow claims barred by the statute of limitations and it was not necessary to file an objection on that ground in order to have the advantage of sec. 330.21 (5) in the trial court. *Estate of Goyk* (1934), 216 Wis. 462, 257 N. W. 448. However, the court's attention should have been directed to secs. 330.21 (5) and 313.05 (2) at some stage of the proceedings, if the administrator deemed those sections applicable to the case. The general rule is that this court will not consider an assignment of error which is presented in this court for the first time but the court has the unquestioned power to consider the entire record and to dispose of questions of law clearly presented therein. *Braasch v. Bonde* (1926), 191 Wis. 414, 211 N. W. 281. Whether or not

it will do so depends upon the circumstances of the case. Presently it appears to us that no more than a question of law upon admitted facts is involved and, if the administrator's contention is correct, it is an obvious miscarriage of justice to require the estate to pay for six years of personal service when the statute says that two years shall be the limit. Under such circumstances, both parties having submitted briefs on the subject, we will dispose of the question.

Sec. 330.21 (5), Stats., reads as follows:

"Within two years: . . . (5) Any action to recover unpaid salary, wages, or other compensation for personal services, except fees for professional services; provided, that any such action founded on a cause of action which accrued between July 1, 1941, and January 1, 1946, may be commenced at any time prior to February 1, 1948."

The claimant attacks the statute on the ground that the exception in favor of fees for professional services is an arbitrary, unreasonable, and unconstitutional classification which renders the whole section void and, in the absence of sec. 330.21 (5), Stats., sec. 330.19 (3), providing a limitation of six years, is applicable to the claim.

In August, 1947, ch. 583, Laws of 1947, was enacted recreating sec. 330.21 (5), Stats. It is the present sec. 330.21 (5) except that the clause dealing with fees for professional services does not appear. That exception was inserted by an amendment enacted in October, 1947, as ch. 614, sec. 30h, Laws of 1947. It does not appear from sec. 330.21 (5) that the legislature intended the subsection to be effective only as an entirety. The legislature had, indeed, previously enacted the subsection without distinction between varieties of personal service and the distinction was added as an afterthought. We held in *State ex rel. Wisconsin Tel. Co. v. Henry* (1935), 218 Wis. 302, 316, 260 N. W. 486, and in *State ex rel. Reynolds v. Sande* (1931), 205 Wis. 495, 503, 238 N. W. 504, that when the elimination

of a void portion leaves a complete law in some reasonable aspect capable of being carried into effect consistent with the intention of the legislature which enacted it in connection with the void part, the valid portions must stand.

"The general provisions of the statute are not invalidated unless it clearly appears that the provisions of the exception are so intimately and inherently related to, and connected with, the general provisions to which it relates that the legislature would not have enacted the latter without the former." 11 Am. Jur., Constitutional Law, p. 856, sec. 161. And see *Frost v. Corporation Comm.* (1929), 278 U. S. 515, 49 Sup. Ct. 235, 73 L. Ed. 483.

Even if the claimant should be correct in the statement that the grace extended to professional services creates an unconstitutional classification, the provision is severable and a complete workable law remains, consistent with intention of the legislature, to require claims for compensation for personal services to be made within two years. Thus, though the professional-fee portion might fall, the remainder of sec. 330.21 (5), Stats., would stand, and would control claimant's right to recovery. Therefore, it is immaterial to her, who does not contend that she is seeking fees for professional services, whether or not the exception regarding such fees is a constitutional enactment or not. Accordingly, we do not reach the constitutional question for "Sound judicial policy precludes the court from considering the question of the constitutionality of a legislative act unless a decision respecting its validity is essential to the determination of some controversy calling for judicial solution." *State ex rel. Rosenhein v. Frear* (1909), 138 Wis. 173, 176, 119 N. W. 894.

Sec. 330.21 (5), Stats., limits claimant's compensation for services to two years and the setoff in favor of the estate on account of Anna's similar services is likewise so limited. The judgment, therefore, must be modified by reducing the allowance for personal services to twenty-four months at

$30 per month ($720), minus a setoff of two years at fifty cents per day ($365), or $355, instead of the sum of $1,080 previously allowed and included in the judgment.

*By the Court.*—Judgment affirmed as modified. Cause remanded for proceedings consistent with the opinion.