GORDON S. STARK & COMPANY, INC., Appellant, vs. ROETS, Respondent.

*March 6—April 8, 1958.*

For the appellant there were briefs and oral argument by *George A. Gessner* of Milwaukee.

For the respondent there was a brief by *H. O. Wolfe* and *Wolfe, O'Leary & Kenney,* all of Milwaukee, and oral argument by *H. O. Wolfe.*

BROWN, J.

"The summary-judgment procedure is not calculated to supplant the demurrer, or motion to make the pleadings more definite and certain, nor is it to be a trial on affidavits. *McLoughlin v. Malnar* (1941), 237 Wis. 492, 297 N. W. 370. Summary judgment should be granted only when it is perfectly plain that there is no substantial issue to be tried. *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* (1938), 229 Wis. 348, 281 N. W. 697; *Atlas Investment Co. v. Christ* (1942), 240 Wis. 114, 2 N. W. (2d) 714. The summary-judgment statute (sec. 270.635, Stats.) is not a substitute for a regular trial nor does it authorize the trial of controlling issues on affidavits. If there is any substantial issue of fact which entitles the plaintiff to a determination thereof by a jury or the court, the defendant's motion for summary judgment must be denied. *Parish v. Awschu Properties, Inc.* (1945), 247 Wis. 166, 19 N. W. (2d) 276." *Batson v. Nichols* (1951), 258 Wis. 356, 358, 46 N. W. (2d) 192.

"On a motion for summary judgment the court is only required to decide whether there is an issue for trial." *Milwaukee County v. Milwaukee Yacht Club* (1950), 256 Wis. 475, 479, 41 N. W. (2d) 372.

The pleadings and affidavits filed by the respective parties agree that from 1935 to November 16, 1951, one J. R. Roets owned and operated an insurance agency. During all that time defendant was his office manager. On the latter date Roets sold his business with its records and other properties to plaintiff.

At first plaintiff operated as an individual and later incorporated. Since this change is not material to any issue raised by this appeal it will be ignored.

Plaintiff retained defendant as his office manager until January 1, 1955. Then he removed her as such but she continued to work in his insurance office until September 1, 1955, when, after giving plaintiff two weeks' notice, she quit and started an insurance agency for herself. Many patrons of plaintiff's agency whom defendant had served while she was employed there transferred their insurance business to her new agency.

The parties had no contract restricting defendant's activities if her employment by plaintiff should cease.

Plaintiff's complaint and affidavits allege, among other things, that business which belonged to plaintiff was thus diverted because defendant took with her when she left confidential records, to which as plaintiff's employee she had access, and either kept or copied them and used them in soliciting the insurance business of the patrons to whom the purloined records referred.

Defendant's answer, affidavits, and incorporated deposition deny that she either took, copied, or used such records. She further alleges by affidavit that she had an agreement first with Roets and later with plaintiff that a number of clients were her own, individually, and that by agreement

with plaintiff she was allowed to solicit business outside of office hours and keep as her own the clients and business so obtained.

While admitting that defendant had a few personal clients, plaintiff denies any agreement with defendant recognizing as hers many of those she claims, and particularly denies that while in plaintiff's employ defendant had an agreed right to solicit or acquire business for her own account. Defendant's pleadings and affidavits aver that her continued contact with such clients is none of plaintiff's affair. Plaintiff says these are his patrons and defendant must not tamper with them. There are many such material issues of fact.

Restatement, 2 Agency, p. 896, sec. 396, lays down the rule:

"Unless otherwise agreed, after the termination of the agency, the agent:
"(a) has no duty not to compete with the principal; and
"(b) is subject to a duty to the principal not to use or disclose to third persons, on his own account or on account of others, in competition with the principal or to his injury, trade secrets, written lists of names, or other similar confidential matters given to him only for the principal's use or acquired by the agent in violation of duty. The agent may use general information concerning the method of business of the principal and the names of the customers retained in his memory, if not acquired in violation of his duty as agent."

The many obvious issues of material facts to be settled by trial before the court can attempt to apply principles of law require a denial of plaintiff's motion for summary judgment.

*By the Court.*—Order affirmed.