STATE EX REL. STATE BAR OF WISCONSIN, Appellant, v. KELLER, Respondent.*

*February 8—May 1, 1962.*

* Motion for rehearing denied, without costs, on June 29, 1962, WILKIE, J., taking no part.

378

For the appellant the cause was argued by *Warren H. Resh,* assistant attorney general, with whom on the briefs was *John W. Reynolds,* attorney general, attorneys, and oral argument also by *John B. McCarthy* of Madison of counsel.

For the respondent there were briefs and oral argument by *James E. Quackenbush* and *Frank M. Coyne,* both of Madison.

BROWN, J.   Relator's complaint alleges that John J. Keller, respondent herein, a person not licensed to practice law in Wisconsin, performs numerous described services for others which constitute the practice of law.  The complaint demands judgment adjudging that Keller has unlawfully usurped the privilege of practicing law and requiring him to cease and desist from such illegal practices.  Keller answered to the merits.  Neither party questioned the jurisdiction of the circuit court and each party submits that that court erred in deciding it was without jurisdiction.

It was the trial judge himself who questioned his court's jurisdiction over the subject matter.  He based his determination on the decisions of *Lathrop v. Donohue* (1960), 10 Wis. (2d) 230, 102 N. W. (2d) 404, and *State ex rel. Reynolds v. Dinger* (1961), 14 Wis. (2d) 193, 109 N. W. (2d) 685, and language appearing in the opinions in those cases.

The circuit court's *quo warranto* jurisdiction is derived from sec. 8, art. VII of the Wisconsin constitution:

"CIRCUIT COURT, JURISDICTION.  *Section 8.*  The circuit courts shall have original jurisdiction in all matters civil and criminal within this state, not excepted in this constitution, and not hereafter prohibited by law; and appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same.  They shall also have the power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, and all other writs necessary to carry into effect their orders, judgments, and decrees, and

give them a general control over inferior courts and jurisdictions."

It is evident that we misled the learned trial court, particularly by the statement in the opinion in *Dinger, supra,* at page 206, wherein we said that the regulation of the practice of law is a judicial power vested "exclusively" in the supreme court. At the moment we were contrasting conflicting claims of power by the legislative and judicial branches of the state government to regulate the practice of law. Holding, as we did, that the regulation of the practice of the law is a judicial power vested in the courts by the state constitution, the exercise of the power must *ultimately* lie in the supreme court. When the point of ultimate decision is reached the supreme court's power is and must be exclusive. Meanwhile, pending the supreme court's exercise of the power of regulation applicable to the facts of a given case, the power exists as a general judicial power to be shared by the courts subordinate to the supreme court. In the *Lathrop Case, supra,* the supreme court had made a regulatory order applicable to all members of the Wisconsin bar. The trial court there correctly held that it had no jurisdiction enabling it to pass upon the validity of the supreme court's order. Neither *Lathrop* nor *Dinger, supra,* deprives circuit courts of jurisdiction over attempts of individuals to practice law who have not been admitted to such practice under the rules of the supreme court.

We regret that unintentionally we caused the learned trial court to conclude that the circuit courts lacked jurisdiction in such matters as are presently in question. Our language, particularly in the *Dinger* opinion, induced his error but as error we must reverse his order dismissing the complaint.

What ought to be done now is the next question. In his written decision the trial court stated that, "There are no controverted issues of fact. A determination of the issues

. . . involves purely a determination of issues of law." Respondent insists that the supreme court remand the cause for trial and decision by the circuit court, otherwise respondent is denied due process. However, respondent moved for summary judgment in circuit court. (Sec. 270.635, Stats.) The motion and respondent counsel's supporting affidavit alleges that counsel believes appellant's action has no merit. Counsel, being the able and learned lawyer which we know him to be, of course recognizes that summary judgment is granted only when there are no substantial issues of fact to be tried. *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* (1938), 229 Wis. 348, 281 N. W. 697; *Batson v. Nichols* (1951), 258 Wis. 356, 46 N. W. (2d) 192. Entry of summary judgment is proper where issues are legal rather than factual. *Phillips Petroleum Co. v. Taggart* (1955), 271 Wis. 261, 73 N. W. (2d) 482.

We have studied the pleadings and affidavits and reach the same conclusion that impelled respondent's counsel to conclude that the case is one proper and suitable for summary judgment, *i.e.,* that the only issues here are legal.

Providing for summary judgments, sec. 270.635 (3), Stats., states:

"Upon motion by a defendant [for a summary judgment], if it shall appear to the court that the plaintiff is entitled to a summary judgment, it may be awarded to him even though he has not moved therefor."

Respondent, the defendant, previously moved in this court that the appeal be dismissed because the parties agreed that the circuit court had jurisdiction and the cause should be remanded for trial. We denied the motion saying:

"The motion to dismiss appeal is denied and the motion to strike a portion of the plaintiff's brief is denied, it appearing that upon plaintiff's appeal this court has jurisdiction to review the refusal of the circuit court to sustain plaintiff's

demurrer to the answer and would, under sec. 274.12 (2), Stats., have jurisdiction to review the failure of the circuit court to grant defendant's motion for summary judgment."

We remain of the same mind. The trial court and both parties assure us that there are no substantial issues of fact to be resolved by trial. The appeal has brought up the whole record. Only issues of law are presented. We consider that we may properly examine and determine the legal issues and to render such judgment as may be consistent with the determination.

"While as a general rule this court may and does refuse to consider and dispose of questions not properly or timely presented for consideration of the trial court, as has been stated in a number of cases, among others [cases cited], yet as stated in *Dupont v. Jonet,* 165 Wis. 554, 558, 162 N. W. 664, and in *Cappon v. O'Day,* 165 Wis. 486, 162 N. W. 655, it unquestionably has the power to and may consider the entire record and dispose of questions of law clearly presented on the record, . . ." *Braasch v. Bonde* (1926), 191 Wis. 414, 418, 211 N. W. 281.

"The general rule is that this court will not consider an assignment of error which is presented in this court for the first time but the court has the unquestioned power to consider the entire record and to dispose of questions of law clearly presented therein. *Braasch v. Bonde* (1926), 191 Wis. 414, 211 N. W. 281. Whether or not it will do so depends upon the circumstances of the case." *Estate of Zeimet* (1951), 259 Wis. 619, 622, 49 N. W. (2d) 924.

"Whether this court should review a question raised here for the first time depends upon the facts and circumstances disclosed by the particular record. It undoubtedly has the power, but ordinarily will not exercise it. The question is one of administration, not of power." *Cappon v. O'Day* (1917), 165 Wis. 486, 491, 162 N. W. 655.

This statement in *Cappon* by Mr. Justice ROSENBERRY, speaking for the court, applies equally well to the present situation where the questions were raised by the pleadings

but where the trial judge had refrained from passing upon them. We consider that we may determine the case on the merits and our doing so does not infringe respondent's right to due process of law.

Thus we address ourselves to the merits as a question of law raised by undisputed facts. The issue is whether the admitted activities of respondent, as listed in the complaint, constitute the practice of law. Summarized, these activities, which respondent proposes to continue, are: Respondent, admittedly not a member of the Wisconsin bar, has engaged in considerable activity before the Wisconsin public service commission for the past seven years. He has made applications to the P.S.C. in behalf of his clients for authority to conduct trucking operations, handled proceedings on behalf of truckers with respect to such applications, appeared before the P.S.C. on behalf of various truckers and in opposition to the granting of permits to other truckers. In the course of these proceedings respondent has examined witnesses and taken such steps as necessary to make a record upon which formal action may be taken by the commission adjudicating the rights of the parties.

Respondent's answer pleads further facts: He is a licensed practitioner before the interstate commerce commission, is also licensed by the public service commission of Indiana, and he is familiar with the general rules of evidence, the leading cases involving the commerce clause of the constitution and the Interstate Commerce Act, and the principles of legal ethics. While admitting the practices of which he is accused, respondent's answer alleges:

"(3) . . . that all activities which the plaintiff complains of against him were performed as a qualified layman and not an ordinary layman, and do not constitute the practice of law as defined and prohibited by Wisconsin statutes, sec. 256.30.

"(4) That the representation of clients in matters involving trucking in interstate commerce is the primary business

of the defendant; that a considerable portion of the activities of the defendant in appearing before the public service commission of Wisconsin and other administrative agencies of the state of Wisconsin, all as alleged in the plaintiff's complaint, involve the rendering of professional advice and service incidental to said defendant's lawful interstate business.

"(5) The defendant alleges that all activities complained of in this complaint pertain to appearances before, or services in connection with, various administrative bodies of the state of Wisconsin; that the defendant has not and does not at any time whatsoever appear before any judicial tribunal or court of the state of Wisconsin, or any other state; that ch. 195, Wisconsin statutes, and the Wisconsin Administrative Code specifically permit representation of people by agents other than attorneys before administrative agencies and that such representation does not constitute the practice of law as prohibited by Wisconsin statutes, sec. 256.30."

Accordingly, he submits that what he has been doing does not constitute the practice of law as defined and prohibited by sec. 256.30 (2), Stats. Such section reads:

"Every person who shall appear as agent, representative, or attorney, for or on behalf of any other person, or any firm, copartnership, association, or corporation in any action or proceeding in or before any court of record, court commissioner, or judicial tribunal of the United States, or of any state, or who shall otherwise, in or out of court for compensation or pecuniary reward give professional legal advice not incidental to his usual or ordinary business, or render any legal service for any other person, or any firm, copartnership, association, or corporation, shall be deemed to be practicing law within the meaning of this section."

Sec. 195.03 (1), Stats. 1959, which respondent cites, gives the P.S.C. power "to adopt rules to govern its proceedings and to regulate the mode and manner of all investigations and hearings." Among these rules is 5 Wis. Adm. Code, sec. PSC 2.32, which provides:

"APPEARANCES. (1) A person desiring to participate in a proceeding, whether on his own behalf or as an authorized agent or attorney, shall enter his appearance by giving his

name and address and the name of any party he represents and in what capacity he is employed by such party."

Respondent contends that this authorizes him to pursue the practices before the commission to which appellant objects as being the illegal practice of law.

The legislature's creation of the public service commission with its rule-making powers does not in any way supersede the exclusive power of the judiciary, ultimately residing in the supreme court, to determine what is or is not the practice of law and to restrict such practice to persons licensed by the court to engage in it. For present purposes, at least, accepting respondent's interpretation of the scope of the PSC Rule 2.32, the commission can listen to or be advised by anyone it likes on any matter properly coming before that body. But *its* tolerance does not avert the consequences to an individual who is guilty of practicing law without a license. The admission of a person to practice law is constitutionally an exclusive power of the court and the attempt to exercise it by the legislature itself (or its agency) is unconstitutional and void. *In re Cannon* (1932), 206 Wis. 374, 240 N. W. 441; *State ex rel. Reynolds v. Dinger* (1961), 14 Wis. (2d) 193, 109 N. W. (2d) 685.

In the latter case we noted that real-estate brokers had been filling out certain standard forms, a practice well known to the court for some one hundred years. The board recognized that practice and by rule somewhat circumscribed it, as a matter of regulating the brokers over which the board had jurisdiction. In so far as the selection and filling out of standard forms involved the practice of law it was by the supreme court's permission that the brokers might continue the limited practice until the court might withdraw the permission. It was the court, not the board or its rule, which relaxed the prohibition against the practice of law by laymen and conferred upon brokers any right to continue such practice.

In like manner the public service commission may countenance appearances before it by laymen but it may not by any rule or otherwise empower any person not licensed to practice law to practice it, or to grant immunity to one who does.

We hold, further, that the alleged lawfulness of respondent to engage in similar activities in other jurisdictions, such as in the state of Indiana or before the interstate commerce commission, is immaterial in the case at bar. Respondent's activities in Wisconsin and his compliance or the lack of it with Wisconsin law are the controlling facts and the law applicable. Foreign bodies can no more authorize persons unlicensed in this state to practice law here than could the public service commission of Wisconsin.

Respondent contends that by his study and experience he has become as well or better qualified than many licensed lawyers in the particular limited field in which he holds himself out to serve his clients, and his activities in that area should not be restrained. These practical qualifications in the instant case may be admitted without affecting the result. Beyond competency in a limited field the lawyer is subject to the discipline and control of the courts. There are obligations to his client and to the public under the supervision of the courts which are lacking in the case of any unlicensed person. We need not and we should not acknowledge a layman's right to practice law in a specialized field because the layman appears to be competent in it. Many an experienced legal secretary has qualifications in certain fields of the law superior to those of the newly admitted law graduate but we do not consider it incumbent on the court to permit such an unlicensed expert to practice law in a speciality however narrow the specialty may be.

Neither do we think there is much virtue in respondent's disclaimer that he appears only before administrative agencies and never before any Wisconsin judicial tribunal or

court. In the *Dinger Case, supra,* at page 202, we expressly disavowed the language and thought,

". . . that the court's interest in and powers of regulation and control of the practice of the law do not embrace and include the activities of persons, not licensed as attorneys, who may practice law outside of actions and proceedings in court. On the contrary, we hold that such broad power over the practice of law is a judicial power vested in the courts by sec. 2, art. VII of the state constitution."

And in the same case we held, at page 206:

". . . that the regulation of the practice of the law is a judicial power and is vested exclusively in the supreme court; [and] that the practitioner in or out of court, licensed lawyer or layman, is subject to such regulation; . . ."

As we said earlier in this opinion, in *Dinger, supra,* we should have said that the regulation is exclusively a judicial power, residing ultimately in the supreme court.

Respondent has contended that to restrain him from continuing his present practices before the P.S.C. infringes his constitutional right to due process of law and equal protection of the law. We do not find that the United States constitution assures him of a right to practice law in this state without being duly licensed by this court to do so nor does it protect him if he attempts it.

Relator's complaint asserts:

"VII.

"The practice of law comprises among other things, the following:

"(a) The giving of legal advice and instruction to clients to inform them of their rights and obligations.

"(b) The preparation for clients of documents requiring knowledge of legal principles not possessed by ordinary laymen.

"(c) The appearance for clients before public tribunals which possess power and authority to determine the rights of such clients according to law, in order to assist in the proper interpretation and enforcement of law."

We concur in the statement by appellant regarding the practice of law, set forth in the complaint at VII (a) and (b) above, and respondent should be enjoined from continuing such activities. As to VII (c), the respondent should be enjoined from appearing as an advocate for a client in respect to the client's legal rights and to procure an adjudication of legal rights desired by the client.

We do not consider that a layman is engaged in the practice of law when he investigates facts or procures evidence pertinent to his client's situation or to make reports thereon or testify thereto before a court or an administrative tribunal, and he may hold himself out as available to do such things, but he may not advise his client or others concerning the rights or liabilities arising from his investigation. "Giving advice as to legal rights is clearly the function of lawyers." *State ex rel. Junior Asso. of Milwaukee Bar v. Rice* (1940), 236 Wis. 38, 54, 294 N. W. 550. The investigator may communicate to his employer an opinion obtained from an attorney but he may not communicate the opinion of an attorney as his own. *Rice Case, supra,* page 54.

We recognize that one not a licensed lawyer may by familiarity with an industry, such as the trucking industry, possess or acquire knowledge of value to a client, and may be in a position to give much technical nonlegal advice to his client in such matters which does not constitute the practice of law.

Appellant is not demanding a penalty for past infractions of the principles just mentioned. For the future, an injunction should issue restraining respondent:

(a) From the giving of legal advice and instruction to clients to inform them of their rights and obligations;

(b) From the preparation for clients of documents requiring knowledge of legal principles not possessed by ordinary laymen; and

(c) From appearing as an advocate asserting legal rights for a client before public tribunals which possess power and

authority to determine the rights of such clients according to law.

*By the Court.*—Order reversed, and cause remanded with directions to enter a restraining order not inconsistent with the opinion.

The following memorandum was filed June 29, 1962:

FAIRCHILD, J. (*on motion for rehearing*). I agree that the motion should be denied, but must respectfully record my opinion that our characterization of judicial power to regulate the practice of law as *exclusive* is inaccurate and should have been qualified or withdrawn.

