**WISCONSIN'S ENVIRONMENTAL DECADE, INC., and Peter Anderson, Plaintiffs-Appellants,**

v.

**STATE BAR OF WISCONSIN, Defendant-Appellee.**

No. 83–2582.

United States Court of Appeals, Seventh Circuit.

Argued April 20, 1984.

Decided Oct. 30, 1984.

Rehearing and Rehearing En Banc Denied Dec. 17, 1984.

---

Alan B. Morrison, Public Citizen Litigation Group, Washington, D.C., for plaintiffs-appellants.

LeRoy L. Dalton, Wis. Dept. of Justice, Madison, Wis., for defendant-appellee.

Before BAUER and WOOD, Circuit Judges, and WEIGEL, Senior District Judge.*

WEIGEL, Senior District Judge.

Wisconsin's Environmental Decade, Inc. ("Decade"), a not-for-profit Wisconsin corporation, and Peter Anderson, one of Decade's two co-directors, appeal from the judgment of the district court dismissing their action for declaratory and injunctive relief. Decade and Anderson requested the court to declare that Anderson, a non-lawyer, has a right guaranteed by the First Amendment to engage in certain advocacy activities without regard to Wisconsin rules prohibiting the unauthorized practice of law. The district court dismissed the action on the grounds that the matter was not sufficiently ripe to constitute a justiciable case or controversy and that it did not arise under federal law. Without reaching the second of these grounds, we affirm.

The relevant background facts were stipulated below for purposes of cross-motions for summary judgment. Appellant Decade has been organized and operated since 1971 for purposes of protecting and enhancing the quality of the environment. The corporate objective is pursued by means of distribution of printed materials designed to inform the public about environmental issues, lobbying before the Wisconsin state legislature, and participation in judicial and administrative proceedings which may in Decade's judgment affect the quality of the environment.

Appellant Peter Anderson was one of two co-founders of Decade. He has served as an officer and director of Decade and as a member of Decade's Executive Committee. Presently he serves as one of two co-directors of the corporation. In that capacity, he regularly appears on behalf of Decade in administrative proceedings before the Public Service Commission of Wisconsin ("PSC"). In the context of these appearances, Anderson files petitions, motions, memoranda, briefs and other pleadings, examines witnesses, and advances oral arguments in support of positions taken by Decade. Anderson has participated in this manner in more than fifty PSC proceedings since March, 1972, always on behalf of Decade.

Anderson is not an attorney licensed to practice law in Wisconsin or any other state. In appearing before the PSC, Anderson has relied upon administrative rules and practices which he and Decade maintain demonstrate PSC approval of lay representation.[1] So far as the record shows, the PSC has never refused to allow Anderson to appear in its proceedings or formally objected to Anderson's continued representation of Decade.

In a letter dated September 24, 1973, the Unauthorized Practice Committee of the State Bar of Wisconsin advised Anderson that, in the opinion of the Committee, Anderson's activities on behalf of Decade before the PSC constitute the unauthorized practice of law. Decade and Anderson then filed suit in federal district court, naming the State Bar of Wisconsin and ten individual Bar officials as defendants. The complaint requested declaratory and injunctive relief to prevent these defendants from interfering or threatening to interfere with plaintiffs' alleged First Amendment rights by enforcing against plaintiffs Wisconsin's prohibition of the unauthorized practice of law. By order of August 29, 1979, the

---

* The Honorable Stanley A. Weigel, Senior United States District Judge for the Northern District of California, sitting by designation.

1. The specific rule relied upon is Wis.Admin. Code § P.S.C. 2.32 (1982), which provides:
   Appearances. (1) A person desiring to participate in a proceeding, whether on his own or her own behalf or as an authorized agent or attorney, shall enter an appearance in per-

son by giving his or her name and address and the name of any party he or she represents and in what capacity he or she is employed by such party.
See also State ex rel. State Bar of Wisconsin v. Keller, 16 Wis.2d 377, 114 N.W.2d 796, 800-01 (1962), vacated, 374 U.S. 102, 83 S.Ct. 1686, 10 L.Ed.2d 1026 (1963).

district court, Honorable James E. Doyle, presiding, dismissed this complaint, concluding that the claims presented were not ripe for decision in the absence of any immediate threat of enforcement of the challenged prohibition.

On March 8, 1980, the Board of Governors of the State Bar of Wisconsin approved a recommendation of the Unauthorized Practice Committee that legal action be brought against Anderson and others based on their unauthorized practice of law in the course of administrative proceedings. The Board directed that the matter be referred to the state attorney general for prosecution; the record does not indicate whether the matter was actually so referred. On April 14, 1980, prior to any action by the attorney general, Decade and Anderson commenced this case by filing a new complaint in federal district court, naming as defendants the State Bar of Wisconsin and nine individual members of the Bar's Unauthorized Practice Committee.[2]

In this complaint, plaintiffs recite the circumstances summarized above, and request the court to (1) declare that the actions of the defendants "violate plaintiffs' rights secured by the First and Fourteenth Amendments of the Constitution;" (2) enjoin the defendants from initiating any proceeding against Anderson or Decade charging them with engaging in the unauthorized practice of law; and (3) enjoin defendants from stating to the PSC, the attorney general, or anyone else that Anderson or Decade is engaged in the unauthorized practice of law. By stipulation, proceedings were stayed while defendants petitioned for leave to file an original *quo warranto* action in the Wisconsin Supreme Court, seeking a determination that Anderson's activities constitute the unauthorized practice of law within the state. The peti-

tion was denied, apparently because the court considered such an exercise of original jurisdiction inappropriate.[3] On January 13, 1983, the Wisconsin Supreme Court denied a subsequent petition by the State Bar to amend the court's rules into a form that would have plainly permitted non-lawyers such as Anderson to appear before administrative agencies which allow lay representation.[4]

Anderson and Decade then renewed their action in district court by moving for summary judgment. The State Bar cross-moved for summary judgment and dismissal of the action on its merits. The court did not grant either of these motions, but instead dismissed the case for want of a justiciable controversy and, alternatively, for want of subject matter jurisdiction. Anderson and Decade appeal from the order of dismissal.

Federal courts established pursuant to Article III of the Constitution do not render advisory opinions. *United Public Workers v. Mitchell*, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947). The jurisdiction of such courts is accordingly limited to actual cases and controversies. *See Poe v. Ullman*, 367 U.S. 497, 502, 81 S.Ct. 1752, 1755, 6 L.Ed.2d 989 (1961); *Muskrat v. United States*, 219 U.S. 346, 354–57, 31 S.Ct. 250, 252–54, 55 L.Ed. 246 (1911). The requirements for a justiciable case or controversy are no less strict in a declaratory judgment proceeding than in any other type of suit. *Alabama State Federation of Labor v. McAdory*, 325 U.S. 450, 461, 65 S.Ct. 1384, 1389, 89 L.Ed. 1725 (1945); *see* 28 U.S.C. § 2201.

The difference between an abstract question calling for an advisory opinion and a ripe "case or controversy" is one of degree, not discernible by any precise test. *Babbitt v. United Farm Workers Nation-*

---

**2.** The individual defendants were subsequently dismissed from the case by stipulation.

**3.** In the summary order denying the petition, the court stated that denial was "without prejudice to commencement of the action in some other appropriate forum."

**4.** The court, in its order denying this petition, commented that it was not "convinced that the problem of non-lawyer representation in administrative proceedings is of such proportion to warrant adoption of the proposed rule."

*al Union,* 442 U.S. 289, 297, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895 (1979). Basically, the question in each case is whether there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Id.* at 298, 99 S.Ct. at 2308; *Lake Carriers Ass'n v. MacMullan,* 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972); *Nuclear Engineering Co. v. Scott,* 660 F.2d 241, 252 (7th Cir.1981), *cert. denied,* 455 U.S. 993, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982).

■ In actions such as this one, where a plaintiff asks for a declaration that the law of a state violates the federal Constitution, a number of factors govern whether the "substantial controversy" threshold of ripeness has been reached. One is the magnitude of the threat that the challenged law will actually be enforced against the plaintiff. *See, e.g., Babbitt,* 442 U.S. at 298–99, 99 S.Ct. at 2308–09; *Steffel v. Thompson,* 415 U.S. 452, 459, 94 S.Ct. 1209, 1215, 39 L.Ed.2d 505 (1974); *Lake Carriers,* 406 U.S. at 508, 92 S.Ct. at 1756; *Poe v. Ullman,* 367 U.S. at 502, 509, 81 S.Ct. at 1755, 1759. Another is the nature of the consequences risked by the plaintiff if the challenged law should be enforced against him. *Compare Babbitt,* 442 U.S. at 298, 99 S.Ct. at 2308 (quoting *Steffel,* 415 U.S. at 459, 94 S.Ct. at 1215) (when contesting constitutionality of *criminal* statute, plaintiff need not first expose himself to actual arrest or prosecution) *with United Public Workers v. Mitchell,* 330 U.S. at 79, 89–90, 67 S.Ct. at 559, 564–565 (challenge to federal statute) (no justiciable controversy presented prior to enforcement proceeding where penalty for violation of allegedly unconstitu-

tional statute was dismissal from employment). Related to this is the question of whether the plaintiff has actually been forced to alter his conduct as a result of the law under attack.[5] *See, e.g., Lake Carriers,* 406 U.S. at 508, 92 S.Ct. at 1756; *Illinois v. General Electric Co.,* 683 F.2d 206, 210 (7th Cir.1982), *cert. denied,* 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983); *Nuclear Engineering,* 660 F.2d at 252.[6]

■ The requirement of "concreteness" necessary for a justiciable controversy is most stringent when, as here, the adjudication would concern the constitutionality of a challenged state law or statute. *See Public Service Commission v. Wycoff,* 344 U.S. 237, 243, 247, 73 S.Ct. 236, 240, 242, 97 L.Ed. 291 (1952); *Alabama State Federation of Labor v. McAdory,* 325 U.S. at 461, 65 S.Ct. at 1389. This reflects the considered practice of the Supreme Court and other federal courts not to decide any constitutional question in advance of the necessity for its decision. *See Alabama State Federation of Labor v. McAdory,* 325 U.S. at 461, 65 S.Ct. at 1389. In furtherance of this policy, federal courts will find an action unripe if (1) the factors outlined above do not plainly demonstrate ripeness, (2) the constitutional question will not arise absent further authoritative decision by courts of the state, and (3) the possibility exists that state courts might construe state law in a manner that would avoid the asserted federal constitutional difficulty. *See, e.g., id.* at 460, 462, 65 S.Ct. at 1389, 1390; *Illinois ex rel. Barra v. Archer Daniels Midland Co.,* 704 F.2d

---

**5.** This factor assumes particular importance in a case such as the present one where the plaintiff alleges infringement by a state statute upon his rights protected by the First Amendment, so that his exercise of speech rights may be "chilled" even in the absence of any enforcement action. *See, e.g., Babbitt,* 442 U.S. at 300, 99 S.Ct. at 2309; *Steffel,* 415 U.S. at 459, 94 S.Ct. at 1215; *see also Zwickler v. Koota,* 389 U.S. 241, 252, 88 S.Ct. 391, 397, 19 L.Ed.2d 444 (1967).

**6.** Also, in the slightly different context of an action challenging the validity of administrative

regulations promulgated under a federal statute, *compare Abbott Laboratories v. Gardner,* 387 U.S. 136, 152, 87 S.Ct. 1507, 1517, 18 L.Ed.2d 681 (1967) (action for pre-enforcement review found ripe where challenged regulations had "direct effect on day-to-day business" of plaintiffs and others) *with Toilet Goods Ass'n v. Gardner,* 387 U.S. 158, 164, 87 S.Ct. 1520, 1524, 18 L.Ed.2d 697 (1967) (similar challenge unripe where regulations did not produce such "day-to-day" impact).

935, 942 (7th Cir.1983); *see also General Electric,* 683 F.2d at 210.

■ Our assessment of the present action in the light of all these considerations leads us to agree with the district court that there is here no case or controversy appropriate for adjudication in an Article III forum. The State Bar of Wisconsin has known of Anderson's activities on behalf of Decade for over ten years, yet has undertaken no formal step to institute proceedings designed to compel Anderson to cease these activities. Decade, in arguing to the contrary, points to the fact that the Unauthorized Practice Committee in 1980 recommended commencement of such proceedings. The State Bar has not, however, followed up this recommendation with a proper attempt to trigger the *quo warranto* procedure prescribed by Wis.Stat. § 784.04 (1981). Moreover, under this statute it is normally up to the state attorney general, not the State Bar, to proceed against an allegedly unauthorized practitioner. The attorney general appears to possess substantial discretion in deciding whether to perform this function. *See, e.g., Wisconsin ex rel. First National Bank of Wisconsin Rapids v. M & I Peoples Bank of Coloma,* 95 Wis.2d 303, 290 N.W.2d 321, 324 n. 2 (1980); *State ex rel. City Bank & Trust Corp. v. Marshall & Isley Bank,* 4 Wis.2d 315, 90 N.W.2d 556, 560 (1958).

Although the State Bar might ultimately be entitled to pursue an independent *quo warranto* action in the event of the attorney general's refusal to act, *see* Wis.Stat. § 784.04(2), we cannot say that legal action against Anderson and Decade is "certainly impending." *Cf. Babbitt,* 442 U.S. at 298, 99 S.Ct. at 2308; *Steffel,* 415 U.S. at 459, 94 S.Ct. at 1215. The remoteness of any legal consequences stemming from the underlying dispute in this case between the State Bar and appellants militates against ripeness. For instance, in *General Electric,* 683 F.2d at 210, this court concluded a case was ripe where the prospect of adverse legal action against the putative plaintiff was a "virtual certainty." Con-

trasted with this situation was that in *Nuclear Engineering,* 660 F.2d at 252–53, in which the case was found unripe because the prospect of adverse action against the plaintiff was merely a "distinct possibility." 683 F.2d at 210.

With respect to the nature of the penalty to be imposed in the event of violation of the challenged law, appellants note that under Wisconsin statutes they could be subject to criminal penalties if found guilty of the unauthorized practice of law. *See* Wis.Stat. § 757.30 (1981). However, appellants cite no case with similar facts in which a criminal sanction was applied. In the case most like that currently at bar, involving the advocacy activities of another non-lawyer before the PSC, neither criminal nor civil penalties were imposed to remedy the violation of the unauthorized practice statute found by the Wisconsin Supreme Court. Instead, the respondent was enjoined from continuing such activities in the future. *State ex rel. State Bar of Wisconsin v. Keller,* 16 Wis.2d 377, 114 N.W.2d 796, 802 (1962), *vacated on other grounds,* 374 U.S. 102, 83 S.Ct. 1686, 10 L.Ed.2d 1026 (1963). Thus, while appellants' exposure to criminal prosecution is a theoretical possibility, it does not appear to be a particularly realistic prospect based on the present record.

Appellants have not alleged or shown that the threat of criminal prosecution has caused Anderson to cease, diminish, or otherwise alter his representation of Decade before the PSC. Anderson has known of the State Bar's contention that his activities amount to unauthorized practice for more than ten years. Appellants' exercise of alleged constitutional rights has not been forestalled, nor have their business activities been adversely affected during this period by the threat that the State Bar might instigate a *quo warranto* action. This again indicates that the controversy lacks the degree of immediacy requisite for adjudication by a federal court.

In addition, it is uncertain whether the Wisconsin Supreme Court would determine that Anderson's activities on behalf of Dec-

ade before the PSC constitute the unauthorized practice of law. To show that the Wisconsin court's position on the issue is settled, appellants cite *Keller*, 114 N.W.2d at 801–02, which held the activities of a non-lawyer in representing a number of clients before the PSC to constitute the unauthorized practice of law, without regard to any PSC rule permitting such lay representation. It is quite possible, however, that the Wisconsin Supreme Court in the circumstances of this case might find *Keller* distinguishable.[7] Under Wisconsin law, authority to define what constitutes the "practice of law" rests exclusively with the Wisconsin Supreme Court as the state's highest judicial organ. *State ex rel. Attorney General v. Dinger,* 14 Wis.2d 193, 109 N.W.2d 685, 690 (1961). That court has approached such questions on a case-by-case basis, with great solicitude for the speech and associational rights that may be affected by its rulings. *See, e.g., Hopper v. City of Madison,* 79 Wis.2d 120, 256 N.W.2d 139, 145 (1977); *Dinger,* 109 N.W.2d at 691–92 (public interest and convenience weighed in determining whether to permit practice challenged by State Bar). Until the Wisconsin courts issue some controlling decision, we would not be justified in concluding that Anderson's activities as stipulated definitely constitute unauthorized practice as a matter of state law.[8] Hence we cannot discount the possibility that the purported controversy concerning the constitutionality of Wisconsin's unauthorized practice law may prove to be nonexistent.

A similar case was presented by *Archer Daniels Midland.* There the Illinois state attorney general, without initiating any state prosecution, had filed a complaint in federal court seeking a declaratory judgment as to whether the Illinois Strikebreakers Act was preempted by sections 7 and 8 of the National Labor Relations Act. 704 F.2d at 938. This complaint alleged that certain employees of a subcontrctor of Archer Daniels Midland, the named defendant, "are reputed to be 'strikebreakers' " as defined in the Illinois Strikebreakers Act. This court ruled that no justiciable case or controversy had arisen, and that the requested declaratory judgment would be an impermissible advisory opinion. Noting the uncertainty concerning whether the Illinois Strikebreakers Act would actually apply to the defendant's alleged activities, the court declined in the absence of any prosecution to sanction "a judgment ... on a constitutional issue ... that ... might turn out to have no practical significance to the parties." *Id.* at 942.

The only major difference between the posture of this action and the situation in *Archer Daniels Midland* is that here, it is the prospective state defendants rather than the prospective prosecutor who seek a declaratory judgment on a federal constitutional issue. But the opinion in *Archer Daniels Midland* suggests that an action in the present posture would also fail to constitute a justiciable controversy unless the prospective state defendant (and federal plaintiff) had shown that the threat of a prosecution was inhibiting its business or other activities. *Id.* at 942–43 (citing *Nuclear Engineering,* 660 F.2d at 252–53, and *General Electric,* 683 F.2d at 210). As discussed above, appellants have not made such a showing in this action.

---

7. For example, an arguably significant point of distinction is that in *Keller* the lay practitioner represented a number of different clients before the PSC, *see* 114 N.W.2d at 799–800, while in this case Anderson has appeared before the PSC only on behalf of Decade, an entity in which he has always been a managing official. *See id.* at 802 (practice of law consists of giving of legal advice "to clients," preparation "for clients" of documents requiring knowledge of legal principles, and appearance "for clients" before public tribunals).

8. Appellants cite the rulings of the Wisconsin Supreme Court in denying review of the State Bar's petition for leave to file an original *quo warranto* action and in denying the State Bar's request for an amendment permitting lay representation before administrative tribunals as evidence that the court considers Anderson's activities to constitute the unauthorized practice of law. The context of these decisions, however, indicates that the question of the propriety of Anderson's activities was not addressed in either instance. *See supra* notes 3, 4.

The judgment of the district court dismissing the case as unripe for adjudication is affirmed. We do not, therefore, consider other grounds for dismissal cited in the district court's memorandum.

AFFIRMED.