**UNITED STATES of America (IRS), Plaintiff,**

v.

**Terry G. MILLER, Defendant.**

**No. S88–267.**

United States District Court,
N.D. Indiana,
South Bend Division.

May 14, 1990.

Douglas W. Snoeyenbos, Washington, D.C., Clifford D. Johnson, Asst. U.S. Atty., South Bend, Ind., for plaintiff.

Stephen J. Williams, Fort Wayne, Ind., for defendant.

MEMORANDUM AND ORDER

MILLER, District Judge.

This cause is before the court on two motions: defendant Terry Miller's motion for partial summary judgment and plaintiff United States' motion for summary judgment. At a telephonic hearing held on these motions on May 9, 1990, counsel for the United States informed the court that Mr. Miller had paid those tax liabilities assessed by the Internal Revenue Service, thus rendering its action against Mr. Miller moot. Mr. Miller disagreed with that characterization, arguing that Mr. Miller's challenge to the taxes assessed constituted a continuing and live controversy. The court heard argument on the dispositive motions

and took under advisement those matters along with the justiciability issue. For the reasons that follow, the court concludes that Mr. Miller's satisfaction of the IRS's assessment renders this action moot.

The United States filed this action on May 13, 1988 to reduce to judgment a federal tax assessment made against Mr. Miller by the U.S. Treasury on May 17, 1982. The assessment charged the defendant for unpaid Federal Unemployment Tax Act taxes for the period ending December 31, 1980 in the amount of $21,849.47, a delinquency penalty of $5,462.37, a failure to pay penalty of $1,201.72, and interest of $3,891.01. To May 15, 1988, the accrual of this assessment totalled $46,569.72. The United States contends that proper notice of this delinquency was sent to Mr. Miller following the assessment.

The United States amended its complaint on December 2, 1988 adding an assessment made against the defendant on October 3, 1983 for failure to collect, account for, and turn over certain income and taxes withheld from the wages of employees of the Printed Wiring Board Services, Inc. during the last two quarters of 1980 and the first two quarters of 1981, in the amount of $9,513.01. The United States also contends that proper notice of this assessment and of the defendant's delinquency in the amount of $9,167.01 plus interest was sent to the defendant.

The defendant denies the original complaint's allegations, but has filed no answer to the amended complaint. Mr. Miller's answer to the original complaint asserts a defense based on the statute of limitations as set forth in his motion for partial summary judgment; he also filed a counterclaim against the United States, which was dismissed on the government's motion.

The United States seeks summary judgment on both assessments listed in the amended complaint, alleging that federal tax assessments made by a delegate of the Secretary of Treasury (as was the case here) are presumptively correct. The government further suggested at the telephonic hearing before the court that this action is now moot based on Mr. Miller's

recent satisfaction of his tax liability. Mr. Miller concedes payment of his taxes and the liabilities assessed, but denies that such action renders this cause moot.

The subject matter jurisdiction of federal courts extends over actual or live controversies between parties. This requirement of justiciability continues throughout the pendency of an action and must not simply exist upon filing. *Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir. 1989); *Ragsdale v. Turnock*, 841 F.2d 1358 (7th Cir.1988). If subsequent events resolve those controversies present in an action, those events render the case moot and leave the court without a live controversy for adjudication. *American Medical Association v. Bowen*, 857 F.2d 267 (5th Cir. 1988); *Carras v. Williams*, 807 F.2d 1286 (6th Cir.1986); *Aguirre v. S.S. Sohio*, 801 F.2d 1185 (9th Cir.1986); *Olagues v. Russoniello*, 770 F.2d 791 (9th Cir.1985). A case will not be deemed moot, however, if any claim for relief is alive, whether that claim was primary or secondary to the action. *Matter of Commonwealth Oil Refining Company, Inc.*, 805 F.2d 1175 (5th Cir.), *cert. denied* 483 U.S. 1005, 107 S.Ct. 3228, 97 L.Ed.2d 734 (1986).

Federal courts have also declined to dismiss actions as moot when the claims involved are "capable of repetition, yet evading review". Two characteristics are required of such claims: (1) the duration of the challenged actions or conduct must be too short to be fully litigated before cessation; and (2) there must be a reasonable expectation that the same complaining party will be subjected to the same action again. *Moore v. Thieret*, 862 F.2d 148 (7th Cir.1988); *U.S. v. Peters*, 754 F.2d 753 (7th Cir.1985); *Wisconsin's Environmental Decade, Inc. v. State Bar of Wisconsin*, 747 F.2d 407 (7th Cir.1984), *cert. denied* 471 U.S. 1100, 105 S.Ct. 2324, 85 L.Ed.2d 842 (1985).

The mootness question before this court is an odd one. The party bringing the suit suggests that further action is unnecessary since the defendant has voluntarily satisfied the claims presented. One

**510**

might expect the reverse scenario: a defendant asserting that a plaintiff's claim is moot to avoid liability. Nonetheless, regardless of the somewhat unlikely procedural context of the mootness issue, the court agrees with the government.

Several courts have held that a taxpayer's satisfaction of liabilities assessed against him render the taxpayer's action moot. *Jones v. United States*, 889 F.2d 1448 (5th Cir.1989); *Holloway v. United States*, 789 F.2d 1372 (9th Cir.1986); *Koger v. United States*, 755 F.2d 1094 (4th Cir. 1985); *Saki International, Inc. v. United States*, 681 F.Supp. 1277 (N.D.Ohio 1988). The Seventh Circuit appears to be in accord with those decisions, although it has not reviewed this issue for quite some time. *Rosenbaum v. Commissioner*, 95 F.2d 1015 (7th Cir.1937).

The parties' roles in the cited cases are the reverse of this case: the taxpayers brought actions against the government challenging their tax liability. But here, as in those cases, it is the government seeking to dismiss the case as moot and the taxpayer who desires to keep his challenge alive. In either situation, the taxpayer's payment eliminates the controversy present. This is particularly true in the instant case, since it was the United States that originally brought this action seeking judgment against Mr. Miller. Mr. Miller, therefore, has no preservable claim, absent defenses to those no longer asserted by the government.

In two cases in which a taxpayer satisfied an assessment, the court nonetheless found a live controversy for adjudication. In *Thomas v. Bennett*, 856 F.2d 1165 (8th Cir.1988), the court found the challenged conduct "capable of repetition, yet evading review", since several assessments had been made against the defendant, and outstanding tax liabilities still existed. In *In re A & B Heating & Air Conditioning*, 861 F.2d 1538 (11th Cir.1988), the court found that despite payment of the trust taxes owed, the taxpayer still bore the continuing effects of the challenged conduct on the non-trust taxes still to be assessed.

Neither of the above scenarios exists in this case. The assessments against Mr. Miller appear in isolation; there is no continuing liability on his part. Moreover, there is no indication of future repetition of such claims with respect to Mr. Miller. As payment has been made as requested by the plaintiff's complaint, no further controversy exists in this cause.

Accordingly, the court now, upon its own motion, DISMISSES this action as moot.

SO ORDERED.